THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES A. SCALES, Defendant-Appellant.

Fifth District    No. 5—97—0273

Opinion filed September 28, 1999.

Daniel M. Kirwan and John J. O'Gara, Jr., both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James Creason, State's Attorney, of Salem (Stephen E. Norris and Sharee Langenstein, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Following a jury trial in the circuit court of Marion County, defendant James Scales was convicted of residential burglary and armed violence. The armed violence charge was predicated on the residential burglary. Judgment was entered on both counts, and defendant was sentenced to terms of imprisonment of 15 years for the residential burglary conviction and 17 years for the armed violence conviction.

Defendant initially raised three issues on appeal: (1) whether the trial court erred in denying his motion to continue the trial so that he could find, subpoena, and present alibi witnesses, (2) whether he was proved guilty beyond a reasonable doubt, and (3) whether the conviction and sentence for residential burglary should be vacated as based on the same physical act as the conviction for armed violence and the cause should be remanded for resentencing. A fourth issue was raised by way of a motion to supplement the defendant's brief, which we granted, and supplemental briefs addressing the issue of whether defendant's conviction for armed violence can stand in light of the Illinois Supreme Court's recent decision in *People v. Lombardi*, 184 Ill. 2d 462 (1998). For reasons that follow, we vacate defendant's conviction and sentence for armed violence and affirm his conviction for res-

idential burglary and remand the cause for resentencing on the residential burglary conviction.

On December 16, 1996, defendant was charged by information with residential burglary. Defendant's counsel entered his appearance on December 18, 1996. On February 6, 1997, a second count was added to the information charging defendant with armed violence in that he was armed with a pistol when he committed the residential burglary.

On January 9, 1997, the case was set for jury trial on February 24, 1997. On February 11, 1997, the State answered defendant's discovery requests and provided defendant with its list of witnesses. On February 20, 1997, just four days before trial was scheduled to begin, defendant responded to the State's request for discovery, indicating that he would present an alibi defense and naming witnesses.

The next day, on February 21, 1997, the Friday before the Monday on which the trial was scheduled, the case came on for a pretrial hearing. The State objected to defendant's presentation of an alibi defense at such a late date. It appears that defendant had failed to tell his counsel of the alibi defense and witnesses until February 19, 1997. Defense counsel acted immediately to notify the State and locate and subpoena the witnesses. The court ruled that it would not preclude the alibi defense if defendant could produce its alibi witnesses for interview by the State prior to the beginning of trial on Monday, February 24. The defendant then asked for a continuance of the trial setting so that he could ensure the availability of his alibi witnesses. The motion for continuance was denied. The court indicated that a request for continuance at such a late date, especially in light of the fact that defendant had been in jail since December 15, 1996, and had at all times known of his alibi defense but had failed to alert his counsel, would not be granted. Defendant's alibi witnesses did not appear at his trial. Defendant himself testified that he did not commit the crimes and that he was elsewhere when they were committed.

■ The granting or denial of a motion for continuance sought to secure the presence of a witness is within the sound discretion of the trial court, and its ruling will not be reversed on appeal in the absence of a clear abuse of discretion. See *People v. Ward*, 154 Ill. 2d 272, 307 (1992). In reviewing the denial of such a motion, the factors to be considered are: (1) whether the defendant was diligent in attempting to secure the witness for trial, (2) whether defendant has shown that the testimony was material and might have affected the jury's verdict, and (3) whether defendant was prejudiced by the denial of the motion for continuance. See *Ward*, 154 Ill. 2d at 307. The denial of a motion for continuance is not an abuse of discretion where there is no reasonable expectation that the witness will be available in the foreseeable future. See *People v. Bramlett*, 276 Ill. App. 3d 201, 205 (1995).

■ The trial court did not abuse its discretion in denying defendant's request for a continuance. Defendant did not show diligence in attempting to secure his alibi witnesses for trial. Although he was arrested in December, he did not even reveal his alibi defense to his attorney until a few days before his trial was scheduled to begin in February.

Further, defendant failed to show that the missing witnesses' testimony was material or that it might affect the jury's verdict. No offer of proof was made as to the witnesses' testimony. The trial court's general awareness that defendant would be offering alibi evidence is insufficient to eliminate the need for an offer of proof. See *People v. Sargent*, 184 Ill. App. 3d 1016, 1023 (1989). As in *Sargent*, defendant simply indicated that the witnesses were alibi witnesses and never explicitly informed the court what their testimony would reveal.

Finally, defendant has not demonstrated that he was prejudiced by the denial of his motion for a continuance. It is especially difficult to demonstrate prejudice where the substance of the missing witnesses' testimony is not in the record through an offer of proof. However, defendant's own testimony did not reveal a strong alibi defense. Defendant testified only that he was alone with his codefendant, with whom he was arrested, outside a tavern, at the time the crime was committed. Furthermore, the record reveals that, of defendant's three missing witnesses, one witness refused to cooperate with defense counsel's investigator, another had indicated to the prosecution that he could not testify as to defendant's whereabouts at the pertinent time, and the third could not be located either by defendant or by the State. Defendant has not established prejudice as a result of the denial of his motion for continuance. The trial court did not abuse its discretion in denying defendant's request for a continuance to secure his alibi witnesses.

■ Defendant next argues that he was not proved guilty beyond a reasonable doubt. It is true that all of the evidence against defendant was circumstantial. There was no eyewitness to the crime who could identify defendant. There was no physical evidence that conclusively linked defendant to the crime. Defendant was not found in possession of any of the stolen property taken in the residential burglary or in possession of a gun. However, viewing all the evidence in the light most favorable to the prosecution, as we must, we cannot conclude that no rational trier of fact could have found the defendant guilty of the crimes with which he was charged. See *People v. Campbell*, 146 Ill. 2d 363, 374 (1992).

In this particular case, the jury most certainly acted rationally in finding defendant guilty beyond a reasonable doubt. A shoe print left

on the door of the victim's house matched the tread pattern on the shoes defendant was wearing at the time he was arrested. Officer Beach saw two individuals leaving the scene of the residential burglary heading in an easterly direction, toward Lincoln Boulevard. Two men, both of whom were running, one of whom was defendant, were seen clearly by Officer Prather only two blocks from the victim's home, crossing Lincoln, almost immediately after the crime took place. At the time Officer Prather saw defendant, defendant was wearing a light-colored sweatshirt. Upon being approached by Officer Prather, who was off duty at the time, defendant and his companion turned and ran.

Shortly thereafter, Officer Kehrer received a call regarding a fight at the Centralia Video Time Rental. Upon arrival at Video Time, Officer Kehrer was given a description of two individuals who had accosted Robert Worlds. Officer Kehrer used that description to attempt to follow the suspects, and eventually he saw defendant, who was wearing a light-colored sweatshirt, crouched in a grassy area near a shed behind a church. Two weapons not belonging to the victim and items stolen from the victim's house were later recovered from the location where defendant was seen by Officer Kehrer. The pants defendant was wearing at the time he was arrested were grass-stained. Defendant was positively identified by Robert Worlds as the person who brandished a weapon and attempted to force Worlds into giving him a ride. At the time Worlds saw defendant, defendant was wearing a gray sweatshirt. Defendant was wearing a sweatshirt at the time he was arrested. Defendant was proved guilty beyond a reasonable doubt.

■ In his initial brief on appeal, defendant argued that his convictions for both armed violence and the underlying felony of residential burglary could not both stand as they were based on the same physical act. Defendant sought the vacation of the residential burglary conviction and a remand for resentencing on the armed violence charge, arguing that the trial court had relied on the residential burglary conviction in sentencing him for armed violence. The State agreed that both convictions could not stand, but it argued that a remand for resentencing was unnecessary.

Subsequent to oral argument in this cause, the Illinois Supreme Court decided *People v. Lombardi*, 184 Ill. 2d 462 (1998), in which it held that the penalty for armed violence based on residential burglary violates the proportionate-penalties provision contained in article I, section 11, of the Illinois Constitution of 1970. Accordingly, it affirmed the trial court's dismissal of such an armed violence charge. Defendant has filed a motion to supplement his brief with the *Lombardi* decision. At this court's direction, the parties filed supplemental briefs

addressing the proportionality issue discussed in *Lombardi* and its application to the case at bar.

Defendant argues that, based upon *Lombardi*, his conviction and sentence for armed violence cannot stand and must be reversed. The State concedes that, based upon *Lombardi*, defendant's conviction and sentence for armed violence cannot stand, but it argues that they are void *ab initio* and must be vacated. The State further argues that defendant's conviction for residential burglary must stand and the cause should be remanded for resentencing on that conviction.

We agree with the State that a conviction based upon a statute which is later declared unconstitutional is a nullity and is void. See *People v. Wagner*, 89 Ill. 2d 308, 311 (1982). Accordingly, we vacate defendant's conviction for armed violence based on residential burglary. This leaves defendant's conviction for residential burglary. Because defendant's conviction for armed violence is null and void, there is no problem under *People v. Donaldson*, 91 Ill. 2d 164, 170 (1982) (a defendant may not be convicted of more than one offense based on a single physical act). Accordingly, we are free to affirm defendant's conviction for residential burglary and we do so.

Finally, the State argues that the cause must be remanded for resentencing on the residential burglary conviction. The State argues that defendant would have been eligible for an extended-term sentence on the residential burglary conviction because he previously had been convicted of the same offense (730 ILCS 5/5—5—3.2(b)(1) (West 1996)), but for his sentencing on the armed violence conviction, a more serious offense. Section 5—8—2 of the Unified Code of Corrections provides that an extended-term sentence may only be imposed for the most serious class of offense for which a defendant was convicted, in this case armed violence. 730 ILCS 5/5—8—2 (West 1996); see *People v. Jordan*, 103 Ill. 2d 192, 206 (1984). Accordingly, the State argues, the sentencing court in the case at bar was not given the option of considering an extended-term sentence on defendant's residential burglary conviction. In light of the vacation of defendant's conviction for armed violence, the State argues that the matter must be remanded for resentencing so that the trial court can consider all permissible sentencing alternatives. We agree. Accordingly, we remand this cause to the circuit court for resentencing in light of this disposition.

In summary, we vacate defendant's conviction for armed violence. We affirm defendant's conviction for residential burglary, and we remand this cause to the circuit court of Marion County for resentencing on the residential burglary conviction in light of the vacation of the armed violence conviction.

For the foregoing reasons, the judgment of the circuit court of Marion County is vacated in part and affirmed in part, and the cause is remanded for resentencing.

Affirmed in part and vacated in part; cause remanded.

GOLDENHERSH and MAAG, JJ., concur.