Docket Nos. 97070, 97299 cons.–Agenda 13–September 2004.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ERNESTO GUEVARA, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. FRANK J. WALTRIP, Appellant.

Opinion filed October 6, 2005.

CHIEF JUSTICE THOMAS delivered the opinion of the court:

These consolidated appeals present another question about the “15/20/25-to-life” sentencing provisions of Public Act 91–404 (Pub. Act 91–404, eff. January 1, 2000): namely, whether the 15-year sentence enhancement that accompanies the offense of home invasion with a firearm (see 720 ILCS 5/12–11(a)(3), (c) (West 2000)) violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). We conclude that it does not. We reverse the trial court in No. 97070 and remand the cause for further proceedings; we affirm the appellate court in No. 97299.

BACKGROUND

Before January 1, 2000, section 12–11(a) of the Criminal Code of 1961 split home invasion into two categories:

“A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present or he or she knowingly enters the dwelling place of another and remains in such dwelling place until he or she knows or has reason to know that one or more persons is present and

(1) While armed with a dangerous weapon uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs, or

(2) Intentionally causes any injury to any person or persons within such dwelling place.” 720 ILCS 5/12–11(a) (West 1998).

Home invasion under both section 12–11(a)(1) and section 12–11(a)(2) was a Class X felony (720 ILCS 5/12–11(c) (West 1998)), which carried a sentence of 6 to 30 years’ imprisonment (see 730 ILCS 5/5–8–1(a)(3) (West 2002)).

Effective January 1, 2000, Public Act 91–404 amended various felony offenses, including home invasion, to add sentence enhancements for firearm use. The amended version of section 12–11 retained the original two categories of home invasion, but it also added three new categories related to firearm use:

“A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present or he or she knowingly enters the dwelling place of another and remains in such dwelling place until he or she knows or has reason to know that one or more persons is present and

* * *

(3) While armed with a firearm uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs, or

(4) Uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs and during the commission of the offense personally discharges a firearm, or

(5) Personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person within such dwelling place[.]” 720 ILCS 5/12–11(a)(3) through (a)(5) (West 2000).

Home invasion is still a Class X felony, but these new categories of home invasion carry greater sentencing ranges:

“A violation of subsection (a)(3) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(4) is a Class X felony for which 20 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(5) is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court.” 720 ILCS 5/12–11(c) (West 2000).

The defendants here were both charged with violating section 12–11(a)(3), home invasion while armed with a firearm. We turn to the specifics of their cases.

No. 97070–Ernesto Guevara

On June 18, 2002, Guevara was charged by information with two counts of armed robbery for taking a wallet and currency from Ofir Manter and Juan Ojeda while carrying a handgun and threatening the imminent use of force. See 720 ILCS 5/18–2(a) (West 2000). On June 27, 2002, he was charged by indictment on four counts: the two original armed robbery counts and two additional home invasion counts. Count III specified that Guevara violated section 12–11(a)(3) when he “knowingly and without authority entered the dwelling of Juan Ojeda, and while armed with a firearm, *** threatened the imminent use of force upon” him. Count IV contained an additional charge of home invasion that is not at issue in this appeal.

Guevara filed a motion to dismiss the entire indictment on various grounds. He argued, 
inter alia
, that the sentencing range for home invasion with a firearm was unconstitutionally disproportionate to the sentencing range for the similar offense of armed violence. The State responded that the 15-year sentence enhancement that tracks section 12–11(a)(3) survived a proportionate penalties clause challenge in 
People v. Hill
, 199 Ill. 2d 440 (2002). The circuit court of Du Page County stated that 
Hill
 “pretty much is dispositive” of the proportionate penalties clause issue, but continued the case, so the parties could file supplemental briefs.

Guevara filed an amended motion to dismiss only the home invasion counts. He relied upon 
People v. Moss
, 206 Ill. 2d 503 (2003), where this court purportedly “found that the less serious conduct proscribed in Public Act 91–404 offenses involving possession of a firearm and personal discharge of a firearm is punished more harshly than is the more serious conduct targeted by the statutes for aggravated battery with a firearm and aggravated discharge of a firearm.” Defendant further argued that subsection (a)(3) of the home invasion statute contains an impermissible double enhancement because the presence of a firearm is used both to create the offense and to punish the offense more severely. The trial court found 
Moss
 dispositive on the proportionate penalties clause issue, declared section 12–11(a)(3) unconstitutional, and dismissed count III of the indictment.
(footnote: 1) In explaining its reasons for dismissing count III, the trial court also stated that it agreed with defendant that subsection (a)(3) contained an impermissible double enhancement. The trial court believed that the presence of a firearm was used once to create the offense of home invasion with a firearm and a second time to enhance the offense with an additional 15-year sentencing enhancement. The State brought an interlocutory appeal directly to this court. 134 Ill. 2d R. 603.

No. 97299–Frank Waltrip

On September 5, 2002, Waltrip was charged by information with home invasion and residential burglary. On September 30, 2002, he was charged by indictment with three counts: the original home invasion and residential burglary counts, and an additional unlawful use of weapons count. Count II specified that Waltrip violated section 12–11(a)(3) when he “knowingly and without authority [ ] entered the dwelling place of Carl Lentz *** and while armed with a firearm threatened the imminent use of force against” him.

Waltrip entered a guilty plea on the home invasion count in exchange for the State’s dismissing the other two counts. Waltrip agreed to a sentencing cap of 40 years, and he received a 40-year sentence: a 25-year term with a mandatory 15-year add-on. The sentence was to run consecutively to “any sentence imposed in cause No. 02–CF–1053 pending in Morgan County.” Waltrip filed an amended motion to withdraw his guilty plea, alleging that (1) his sentence was excessive when compared to the 35-year term received by his codefendant, Paul Clark; (2) the consecutive sentence was imposed in violation of section 5–8–4(a) of the Unified Code of Corrections (730 ILCS 5/5–8–4(a) (West 2000)) because he had not been sentenced in Morgan County at the time of his sentencing; and (3) his sentence violated the proportionate penalties clause because it did not reflect his rehabilitative potential. Waltrip did not argue that his sentence violated the proportionate penalties clause when compared to the sentence for another offense. The circuit court of Adams County denied Waltrip’s motion to withdraw his guilty plea, but reduced his sentence to 35 years and vacated the consecutive- sentence provision of its order. Waltrip appealed.

On appeal, Waltrip argued that the sentence for home invasion with a firearm violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). Defendant contended that aggravated battery with a firearm was a more serious offense that was punished as a mere Class X felony, while home invasion while armed with a firearm was punished as a Class X felony with a 15-year add-on. The appellate court affirmed Waltrip’s conviction and sentence. No. 4–03–0164 (unpublished order under Supreme Court Rule 23). The appellate court noted that, in determining the legislative purpose of Public Act 91–404 in the course of other proportionate penalties clause challenges, this court “has declined to determine the purpose of the offense from the underlying offense itself, *** but has focused on the purpose in enacting the enhancements themselves.” The appellate court decided that home invasion with a firearm and aggravated battery with a firearm both served to deter the use of a firearm during the commission of a felony. The appellate court turned to the issue of whether home invasion with a firearm is a more serious offense than aggravated battery with a firearm, thus warranting different sentences:

“Aggravated battery with a firearm requires an injury to the victim by means of the discharging of a firearm. [Citation.] Home invasion while armed with a firearm requires not only a 
threat
 of force, but also for the threat to be made in an occupied home. [Citation.] The physical injury resulting from a home invasion by an intruder armed with a firearm may be minimal, if any injury results at all. The emotional and psychological trauma to the victim, however, may in fact be even more severe. The legislature, in applying the enhanced penalty to home invasion but not to aggravated battery with a firearm, both Class X felonies, represented the legislature’s judgment that home invasion was the more serious offense based upon the risk of more serious harm. We cannot find the legislature’s judgment in this regard to be wholly unreasonable.” (Emphasis in original.)

We granted Waltrip’s petition for leave to appeal. See 177 Ill. 2d R. 315(a). On July 22, 2004, we consolidated these cases. Whether a statute is unconstitutional is a question of law, and, accordingly, our review proceeds 
de novo
. 
People v. Carney
, 196 Ill. 2d 518, 526 (2001).

ANALYSIS

Waltrip’s Guilty Plea

Before proceeding to the merits of these cases, we must dispose of a threshold issue raised by the State in its response to Waltrip’s appeal. The State argues that Waltrip’s guilty plea bars him from challenging his sentence, and his only recourse is to seek to withdraw his plea on the grounds that he was sentenced under a purportedly unconstitutional statute. The State relies upon 
People v. Evans
, 174 Ill. 2d 320 (1996), and its progeny, arguing that a negotiated guilty plea is subject to contract principles that preclude Waltrip from challenging “the parameters” of his sentence.

Waltrip answers that the State did not raise this issue before the appellate court and, consequently, it is waived. Waiver aside, Waltrip argues that his argument is distinguishable from the sentencing arguments raised in 
Evans
 and the other cases cited by the State. Waltrip states that because he attacks his sentence as unconstitutional, not as excessive, 
Evans
 does not bar this claim.

We agree with Waltrip. Waltrip is not raising a garden variety excessive-sentence issue. Instead, Waltrip, like Guevara, contends that the 15-year sentence enhancement for home invasion with a firearm violates the constitutional guarantee of proportionate penalties. If this provision violates the proportionate penalties clause, then it is void
 ab initio
. See 
People v. Scales
, 307 Ill. App. 3d 356, 360-61 (1999) (agreeing with State that conviction based on a statute held to violate the proportionate penalties clause in 
People v. Lombardi
, 184 Ill. 2d 462 (1998), was void
 ab initio
). A defendant may argue that a criminal statute is unconstitutional, and void 
ab initio
, at any time. 
People v. Wright
, 194 Ill. 2d 1, 23-24 (2000); 
People v. Christy
, 139 Ill. 2d 172, 176 (1990). Further, a guilty plea does not preclude a defendant from arguing on appeal that he was sentenced under a statute that was facially unconstitutional and void 
ab intitio
. 
People v. Jackson
, 199 Ill. 2d 286, 300-01 (2002). Because Waltrip argues that he was sentenced under a statute that was unconstitutional and void 
ab initio
, he may raise this claim without moving to withdraw his guilty plea.

Proportionate Penalties

We turn now to the merits of defendants’ arguments. All statutes carry a strong presumption of constitutionality. 
People v. Malchow
, 193 Ill. 2d 413, 418 (2000). To overcome this presumption, the party challenging the statute must clearly establish its invalidity. 
Malchow
, 193 Ill. 2d at 418. The legislature has broad authority to set criminal penalties, and courts may not interfere with the legislature’s decisions in this area unless the challenged penalty is clearly in excess of the general constitutional limitations on this authority. 
People ex rel. Carey v. Bentivenga
, 83 Ill. 2d 537, 542 (1981).

Article I, section 11, of the Illinois Constitution provides that “[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.” Ill. Const. 1970, art. I, §11. In analyzing a proportionate penalties challenge, our ultimate inquiry is whether the legislature has set the sentence in accord with the seriousness of the offense. See 
People v. Lombardi
, 184 Ill. 2d 462, 473-74 (1998). For the past several years, we have recognized three ways in which a penalty can violate the proportionate penalties clause. First, a sentence violates the proportionate penalties clause if it is so cruel, degrading, or disproportionate to the offense that the sentence shocks the moral sense of the community. 
Lombardi
, 184 Ill. 2d at 474; 
People v. Bailey
, 167 Ill. 2d 210, 236 (1995). Second, a sentence violates the proportionate penalties clause if it is greater than the sentence for an offense with identical elements. 
Lombardi
, 184 Ill. 2d at 474; 
People v. Lewis
, 175 Ill. 2d 412, 418 (1996). Third, a sentence violates the proportionate penalties clause if it is greater than the sentence for a similar offense that poses a greater threat to public safety. 
Lombardi
, 184 Ill. 2d at 474; 
People v. Davis
, 177 Ill. 2d 495, 503 (1997).

In 
People v. Sharpe
, No. 97184 (October 6, 2005), we held that we would no longer recognize the third type of proportionate penalties challenge–the cross-comparison challenge. 
Sharpe 
concluded that comparing the penalties for offenses with different elements never should have been a part of this court’s proportionate penalties jurisprudence. 
Sharpe
, slip op. at 27. Pursuant to 
Sharpe
, only the first two types of proportionate penalties challenges described above will be recognized.

We now consider the merits of the defendants’ proportionate penalties arguments. Defendants Guevara and Waltrip both argue that the sentence for home invasion while in possession of a firearm is unconstitutionally disproportionate to the sentence for aggravated battery with a firearm. Defendants contend that aggravated battery with a firearm, which is punished as a mere Class X felony (720 ILCS 5/12–4.2(a)(1), (b) (West 2000)), is more serious than home invasion while armed with a firearm, which is punished as a Class X felony with 15 years added to the term of imprisonment imposed by the court (720 ILCS 5/12–11(a)(3), (c) (West 2000)). Defendant Guevara also asks us to conduct a cross-comparison analysis between home invasion with a firearm and aggravated discharge of a firearm (720 ILCS 5/24–1.2(a)(2) (West 2000)). Guevara contends that aggravated discharge of a firearm, which is punished as a Class 1 felony (720 ILCS 5/24–1.2(a)(2), (b) (West 2000)), is more serious than home invasion while armed with a firearm, which is punished as a Class X felony with 15 years added to the term of imprisonment imposed by the court (720 ILCS 5/12–11(a)(3), (c) (West 2000)). These arguments fail because a defendant may not challenge a penalty under the proportionate penalties clause by comparing it with the penalty for an offense with different elements. 
Sharpe
, slip op. at 31. Defendants do not argue that the penalty for home invasion with a firearm is harsher than the penalty for a different offense with identical elements, nor do they contend that the penalty for home invasion with a firearm is cruel or degrading or so wholly disproportionate to the offense so as to shock the moral sense of the community (an argument that this court already rejected in 
Hill 
(see 
Hill
, 199 Ill. 2d at 452-53)). Accordingly, their proportionate penalties arguments fail.

Double Enhancement

In addition to the proportionate penalties challenge, defendant Guevara alleged that subsection (a)(3) of the home invasion statute constituted an impermissible double enhancement. In its oral ruling explaining why it was dismissing this charge, the trial court agreed with defendant that subsection (a)(3) contains an impermissible double enhancement. According to the trial court, the presence of a firearm is used twice in the home invasion statute–first as an element of the offense, and then again to enhance the offense with a 15-year sentencing add-on. The trial court’s analysis is incorrect.

A double enhancement occurs when either (1) a single factor is used both as an element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed, or (2) the same factor is used twice to elevate the severity of the offense itself. 
People v. Phelps
, 211 Ill. 2d 1, 11-13 (2004). The prohibition against double enhancements is a rule of statutory construction, premised on the assumption that the legislature considered the factors inherent in the offense in fashioning the appropriate range of punishment for that offense. 
People v. Rissley
, 165 Ill. 2d 364, 390 (1995). However, where the legislature clearly intends for there to be a double enhancement, and that intention is clearly expressed, there is no prohibition. 
Phelps
, 211 Ill. 2d at 15. Whether a statute contains an impermissible double enhancement is an issue that we review 
de novo
. 
Phelps
, 211 Ill. 2d at 12.

We explained in 
Phelps
 that the textbook example of an impermissible double enhancement was in 
People v. White
, 114 Ill. 2d 61 (1986):

“In 
White
, this court held that, although it is a statutory aggravating factor, the victim’s age cannot form the basis for an extended-term sentence where the defendant is convicted of aggravated battery of a child. 
White
, 114 Ill. 2d at 66. As 
White
 explained, in establishing aggravated battery of a child as a statutory offense separate from aggravated battery, the legislature included the victim’s age as an element of the offense. As importantly, the legislature attached a higher penalty to aggravated battery of a child (then a Class 2 felony) than it did to mere aggravated battery (a Class 3 felony). Thus, the victim’s age formed not only an element of the offense but also the basis for an enhanced penalty. By then using the victim’s age 
yet again
 as the basis of an extended-term sentence, the trial court did exactly what the double enhancement rule is designed to prevent–subjected the defendant to a harsher sentence than might otherwise have been imposed.” 
Phelps
, 211 Ill. 2d at 12.

Subsection (a)(3) simply does not contain a double enhancement. As this court explained in 
Hill
, when the legislature amended the home invasion statute with the 15/20/25-to-life provisions, its intent was to create distinct types of home invasions. 
Hill
, 199 Ill. 2d at 457. As importantly, these distinct offenses carry distinct sentences. The type of home invasion with which defendant was charged is home invasion while armed with a firearm (720 ILCS 5/12–11(a)(3) (West 2000)), and the sentence for this offense is Class X plus 15 years (720 ILCS 5/12–11(c) (West 2000)). Significantly, the firearm factor is used only as an element of the offense and is nowhere mentioned in the sentencing provision (see 725 ILCS 5/12–11(c) (West 2000)), which simply defines the sentence for the distinct crime with which defendant was charged.

Contrast this to the situation in 
White
, in which the age of the victim was used once as an element of an enhanced offense and then again as an aggravating factor to subject the defendant to an extended-term penalty. Subsection (a)(3) does not contain an double-enhancement, permissible or otherwise, and the trial court erred in dismissing the charge on this basis.

CONCLUSION

Subsection (a)(3) of the home invasion statute neither violates the proportionate penalties clause nor contains an impermissible double enhancement. Accordingly, we reverse the trial court’s judgment in No. 97070 and remand the cause for further proceedings, and we affirm the appellate court’s judgment in No. 97299.

No. 97070–Reversed and remanded.

No. 97299–Affirmed.

FOOTNOTES
1:     
1
The armed robbery counts and the other home invasion count of the indictment remain pending.