# Illinois Official Reports

## Appellate Court

---

### *People v. Garcia*, 2018 IL App (4th) 170339

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PABLO M. GARCIA, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-17-0339 |
| Filed | March 19, 2018 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 13-CF-420; the Hon. Robert Freitag, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Susan M. Wilham, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and David E. Mannchen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Presiding Justice Harris and Justice Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1　　In April 2013, the State charged defendant, Pablo M. Garcia, with (1) unlawful possession of a controlled substance with the intent to deliver (count I) (720 ILCS 570/401(a)(2)(B) (West 2012)), (2) unlawful possession of a controlled substance (count II) (*id.* § 402(a)(2)(C)), (3) unlawful possession of cannabis with the intent to deliver (count III) (720 ILCS 550/5(e) West 2012)), (4) unlawful possession of cannabis (count IV) (*id.* § 4(e)), (5) unlawful delivery of a controlled substance (count V) (720 ILCS 570/401(c)(2) (West 2012)), (6) unlawful delivery of a controlled substance (count VI) (*id.*), (7) unlawful delivery of a controlled substance (count VII) (*id.*), (8) unlawful delivery of a controlled substance (count VIII) (*id.*), (9) unlawful delivery of a controlled substance (count IX) (*id.*), and (10) unlawful delivery of a controlled substance (count X) (*id.* § 401(a)(2)(A)).

¶ 2　　In January 2014, defendant pleaded guilty to count I (*id.* § 401(a)(2)(B)), count III (720 ILCS 550/5(e) (West 2012)), and count X (720 ILCS 570/401(a)(2)(A) (West 2012)). In return for his guilty plea, the State dismissed all other charges, but the parties had no agreement regarding the sentence to be imposed.

¶ 3　　In April 2014, the trial court sentenced defendant to 16 years on count I, 5 years on count III, and 12 years on count X and ordered the sentences to run concurrently.

¶ 4　　In May 2014, defendant's attorney filed a motion to reconsider the sentence, arguing that it was excessive and did not give proper weight to mitigating factors. In July 2014, defendant filed a *pro se* motion for reduction of his sentence. In March 2015, the trial court denied the motions to reconsider. However, in December 2016, we remanded this case back to the trial court for (1) defense counsel's filing of an Illinois Supreme Court Rule 604(d) certificate (Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)), (2) the opportunity for defendant to file a new postplea motion, (3) a new hearing and ruling on the motion, and (4) strict compliance with the requirements of Rule 604(d). *People v. Garcia*, No. 4-15-0257 (Dec. 6, 2016) (agreed order remanding for the filing of a Rule 604(d) certificate and further proceedings).

¶ 5　　In April 2017, defendant filed a new motion to reconsider. At the hearing on that motion, defendant argued that (1) his sentence was excessive and (2) the trial court considered an impermissible double enhancement when it considered the quantity of the drugs as an aggravating factor. In May 2017, the trial court denied the motion to reconsider.

¶ 6　　Defendant appeals, arguing that the trial court improperly considered the amount of the drugs in his possession, a factor inherent in the offenses, as a factor in aggravation. We disagree and affirm.

¶ 7　　　　　　　　　　　　　I. BACKGROUND

¶ 8　　　　　　　　A. The State's Charges and the Guilty Plea

¶ 9　　We earlier mentioned the 10 counts the State filed against defendant in April 2013 charging him with various drug offenses. In January 2014, defendant pleaded guilty to unlawful possession of a controlled substance with the intent to deliver (count I) (720 ILCS 570/401(a)(2)(B) (West 2012)), unlawful possession of cannabis with the intent to deliver (count III) (720 ILCS 550/5(e) (West 2012)), and unlawful delivery of a controlled substance (count X) (720 ILCS 570/401(a)(2)(A) (West 2012)). Defendant's plea was without any agreement regarding the sentence to be imposed. In return for his guilty plea, the State

dismissed all other charges.

¶ 10                              B. The Sentencing Hearing

¶ 11        In April 2014, the trial court conducted a sentencing hearing. Count I had a minimum sentence of 9 years and a maximum sentence of 40 years (*id.* § 401(a)(2)(B)), count III had a minimum sentence of 3 years and a maximum sentence of 7 years (730 ILCS 5/5-4.5-35 (West 2012)), and count X had a minimum sentence of 6 years and a maximum sentence of 30 years (720 ILCS 570/401(a)(2)(A) (West 2012)). The following evidence was presented to the court.

¶ 12                              1. *The Evidence in Aggravation*

¶ 13        Kevin Raisbeck, a detective for the Bloomington Police Department, testified that his department purchased cocaine from defendant on six separate occasions between January 2013 and March 2013. These purchases were controlled-buy transactions in which a confidential source would buy cocaine from defendant with prerecorded money. Raisbeck stated that in March 2013, they executed a search warrant on defendant's home where they found approximately 1500 grams of cocaine and approximately 2 pounds of cannabis. Raisbeck further testified that they found scales, large amounts of packaging, and other evidence tending to show that defendant intended to sell and deliver the controlled substances.

¶ 14                              2. *The Evidence in Mitigation*

¶ 15        Jonathan Zwanzig, a part-time minister, testified that defendant attended his Bible lessons in jail. Zwanzig testified that defendant had admitted his guilt to him and was truly sorry for what he had done. Defendant's cousin-in-law, Rosio Hurtado, testified that defendant took care of her while she was pregnant and that he had taken care of her children. Defendant's younger brother, Abel Garcia, testified that defendant supported his family in Mexico.

¶ 16        Defendant admitted he committed the crimes to which he had pleaded guilty and took full responsibility for his actions. However, defendant refused to reveal the supplier of his drugs.

¶ 17                              C. The Trial Court's Sentence

¶ 18        In April 2014, the trial court sentenced defendant to 16 years in prison on count I, 5 years on count III, and 12 years on count X, with the sentences to run concurrently. The court found in mitigation that (1) defendant did not have a significant criminal history and (2) he displayed genuine regret since committing his crimes.

¶ 19        In aggravation, the trial court considered the amount, value, and level of toxicity of the drugs. The court noted that "this is an offense that involves [a large] amount of a very powerful and toxic drug that I don't normally see. It's a lot of cocaine for our little community here." The court considered the amount of drugs to punish defendant, deter others, and to protect the community. Defendant's refusal to implicate his supplier was also a factor in aggravation.

¶ 20                              D. The First Motion to Reconsider

¶ 21        In May 2014, defendant's attorney filed a motion to reconsider the sentence, and in July 2014, defendant filed a *pro se* motion for reduction of his sentence. In March 2015, the trial court denied both of these motions. As noted, in December 2016, we remanded this case to the trial court for (1) defense counsel's filing of a Rule 604(d) certificate, (2) the opportunity for

defendant to file a new postplea motion, (3) a new hearing and ruling on the motion, and (4) strict compliance with the requirements of Rule 604(d).

¶ 22                               E. The Second Motion to Reconsider

¶ 23    In April 2017, defendant filed a second motion to reconsider. At the hearing, defendant argued that (1) his sentence was excessive and (2) the trial court considered an impermissible double enhancement when it considered the quantity of the drugs as an aggravating factor. Defendant requested that his sentence be reduced to nine years.

¶ 24    In May 2017, the trial court denied the motion to reconsider, explaining as follows:

> "[T]he [c]ourt is permitted and, in fact, the Illinois Constitution requires that the [c]ourt consider what is called the seriousness of the offense when it imposes a sentence. And I think my consideration of the facts of this case, including the amount of the drugs involved [and] the level of Mr. Garcia's involvement, all related to the [c]ourt's consideration of how serious this particular offense was, as opposed to taking that and then adding punishment in aggravation. I think there's a difference in those two approaches.
>
> So I don't believe that there was any impermissible double enhancement in this case. *** I still think it's the appropriate sentence, given all the evidence that I heard."

¶ 25    This appeal followed.

¶ 26                                        II. ANALYSIS

¶ 27    On appeal, defendant argues that the trial court improperly considered as an aggravating factor the amount of drugs in his possession. We disagree.

¶ 28                                  A. Double Enhancements

¶ 29    A double enhancement occurs when (1) a single factor is used both as an element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed or (2) the same factor is used twice to elevate the severity of the offense itself. *People v. Phelps*, 211 Ill. 2d 1, 11-13, 809 N.E.2d 1214, 1120 (2004). Generally, double enhancements are prohibited because courts assume that the legislature, in designating the appropriate range of punishment for an offense, necessarily considered the factors inherent in the offense. *Id.* at 12.

¶ 30    However, there is no prohibition against double enhancements when the legislature clearly intends to enhance a penalty based upon some aspect of the crime. *People v. Powell*, 2012 IL App (1st) 102363, ¶ 8, 970 N.E.2d 539. To determine whether the legislature intended such an enhancement, we look to the statute itself as the best evidence of the legislature's intent. *Id.*; see also *People v. Guevara*, 216 Ill. 2d 533, 545-46, 837 N.E.2d 901, 908 (2005); *Phelps*, 211 Ill. 2d at 15; *People v. Rissley*, 165 Ill. 2d 364, 390-91, 651 N.E.2d 133, 145 (1995).

¶ 31    Whether the trial court considered an improper double enhancement when sentencing a defendant is a question of law, which we review *de novo*. *People v. Morrow*, 2014 IL App (2d) 130718, ¶ 14, 39 N.E.3d 44. When reviewing the trial court's judgment, we review the record as a whole rather than focusing on isolated statements. *Id.*

¶ 32                              B. The Applicable Statutes

¶ 33        Section 1 of the Cannabis Control Act states the following:

"It is, therefore, the intent of the General Assembly *** to establish a reasonable penalty system *** which directs the greatest efforts of law enforcement agencies toward the commercial traffickers and large-scale purveyors of cannabis. *To this end, this Act provides wide latitude in the sentencing discretion of the courts* and establishes penalties in a sharply rising progression based on the amount of substances containing cannabis involved in each case." (Emphasis added.) 720 ILCS 550/1 (West 2012).

¶ 34        Section 100 of the Illinois Controlled Substances Act states the following:

"It is the intent of the General Assembly [to] *** penalize most heavily the illicit traffickers or profiteers of controlled substances, who propagate and perpetuate the abuse of such substances with reckless disregard for its consumptive consequences upon every element of society ***.

*** To this end, guidelines have been provided, *along with a wide latitude in sentencing discretion*, to enable the sentencing court to order penalties in each case which are appropriate for the purposes of this Act." (Emphasis added.) 720 ILCS 570/100 (West 2012).

¶ 35        Section 411 of the Illinois Controlled Substances Act provides the following:

"In determining the appropriate sentence for any conviction under this Act, the sentencing court may consider the following as indicative of the type of offenses which the legislature deems most damaging to the peace and welfare of the citizens of Illinois and which warrants the most severe penalties:

(1) the unlawful delivery of the most highly toxic controlled substances, as reflected by their inclusion in Schedule I or II of this Act;

(2) offenses involving unusually large quantities of controlled substances, as measured by their wholesale value at the time of the offense;

* * *

(5) offenses involving the large-scale manufacture of controlled substances;

* * *

Nothing in this section shall be construed as limiting in any way *the discretion of the court to impose any sentence authorized by this Act*." (Emphasis added.) *Id.* § 411.


¶ 36                         C. The Trial Court's Sentencing Discretion

¶ 37        The trial court has broad discretionary powers when selecting an appropriate sentence. Ill. Const. 1970, art. I, § 11; *People v. McGath*, 2017 IL App (4th) 150608, ¶ 63, 83 N.E.3d 671. An appropriate sentence must be based upon the particular circumstances of an individual case, including (1) the defendant's history, character, and rehabilitative potential; (2) the seriousness of the offense; (3) the need to protect society; and (4) the need for deterrence and punishment. *McGath*, 2017 IL App (4th) 150608, ¶ 63; *People v. Hestand*, 362 Ill. App. 3d 272, 281, 838 N.E.2d 318, 326 (2005). The trial court's exercise of discretion when selecting an appropriate sentence within the statutory framework provided by the legislature is not a double enhancement. *People v. Walsh*, 2016 IL App (2d) 140357, ¶¶ 28-30, 53 N.E.3d 392; *People v. Childress*, 321 Ill. App. 3d 13, 27-28, 746 N.E.2d 783, 796-97 (2001); *People v.*

*Thomas*, 171 Ill. 2d 207, 224-25, 664 N.E.2d 76, 85-86 (1996).

¶ 38                                D. The Facts of This Case

¶ 39        In this case, defendant was found with over 1500 grams of cocaine and over 2 pounds of marijuana. Defendant pleaded guilty to count I (which had a minimum sentence of 9 years and a maximum sentence of 40 years), count III (which had a minimum sentence of 3 years and a maximum sentence of 7 years), and count X (which had a minimum sentence of 6 years and a maximum sentence of 30 years). The trial court sentenced defendant to 16 years in prison on count I, 5 years on count III, and 12 years on count X, and ordered the sentences to run concurrently.

¶ 40        In so doing, the trial court explained that it had considered in aggravation the amount, value, and level of toxicity of the drugs involved. Defendant contends that the "amount of drugs possessed or sold should *** not be available as an additional aggravating factor, as it is already included in the sentencing range set by the legislature." We disagree with this argument for two reasons.

¶ 41        First, the legislature clearly intended that the amount of drugs possessed or sold by a defendant should be an aggravating factor, so the rule against double enhancements does not apply in this case. *Powell*, 2012 IL App (1st) 102363, ¶ 8. The legislature explicitly provided trial courts with *wide discretion* when sentencing commercial traffickers and large-scale purveyors of cannabis and controlled substances. 720 ILCS 550/1 (West 2012); 720 ILCS 570/411 (West 2012). Further, the explicit legislative intent of both the Cannabis Control Act and the Illinois Controlled Substances Act is to punish large-scale drug dealers most severely. 720 ILCS 550/1 (West 2012); 720 ILCS 570/100 (West 2012). Likewise, the Illinois Controlled Substances Act explicitly allows the trial court to consider the amount and toxicity of a drug when sentencing a defendant. 720 ILCS 570/411 (West 2012).

¶ 42        Second, even though the trial court considered the amount of the drugs involved as an aggravating factor, the court framed this factor within the context of determining the seriousness of the offense, the need to protect the community, the need to deter others from committing similar crimes, and to punish the defendant. These were all appropriate considerations for the court. *McGath*, 2017 IL App (4th) 150608, ¶ 63. We also note that the trial court's sentence was well below the maximum penalty that could have been imposed under the applicable statutes. See 720 ILCS 570/401(a)(2)(A), (a)(2)(B) (West 2012). We conclude that no double enhancement occurred because the trial court properly exercised its discretion in selecting an appropriate sentence within the statutory framework provided by the legislature. *Walsh*, 2016 IL App (2d) 140357, ¶¶ 28-30. Accordingly, the trial court did not improperly consider the amount of drugs in defendant's possession as an aggravating factor.

¶ 43                                III. CONCLUSION

¶ 44        For the reasons stated above, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002 (West 2016).

¶ 45        Affirmed.