2019 IL App (3d) 170153

Opinion filed September 9, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Whiteside County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) | Appeal No. 3-17-0153 Circuit No. 07-CF-188 |
| JAMES R. TODD, | ) ) | |
| | ) | Honorable Trish A. Joyce, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Carter and Lytton concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, James R. Todd, appeals from the Whiteside County circuit court's summary dismissal of his *pro se* postconviction petition. Defendant argues that the court erred in dismissing his petition because it presented an arguable claim of ineffective assistance of appellate counsel. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On February 25, 2008, defendant entered an open guilty plea to one count of unlawful delivery of a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2006)). The factual basis

for the plea reported that an undercover officer purchased an ounce of cocaine from defendant for $1000. The court accepted defendant's guilty plea and released defendant on bond.

¶ 4 Before the sentencing hearing, the State prepared a presentence investigation report (PSI). The criminal history section of the PSI stated that defendant had five prior felony convictions.

¶ 5 On May 27, 2010, defendant appeared with counsel for the sentencing hearing. Before the court pronounced defendant's sentence, the court found, in aggravation, that (1) defendant had a significant history of criminal activity and (2) a prison sentence was necessary to deter others from committing the same crime. The court further said:

> "The other factor that I simply can't ignore is the, is the, frankly the significant amount of cocaine that was sold here, and I'm not going to ignore it. That, that tells me that this is something more than just a casual, a casual deal, and especially in light of the history, and you can read into that whatever you feel you need to read into it."

The court sentenced defendant to 25 years' imprisonment.

¶ 6 On direct appeal, private attorney Demitrus Evans filed a brief on behalf of defendant. Counsel raised four issues: (1) defendant received ineffective assistance of trial counsel where counsel led him to believe that his plea agreement included a 10-year sentencing cap, (2) defendant's guilty plea was not knowingly or voluntarily entered, (3) defendant was denied the benefit of the bargain that he made with the State, and (4) the court violated defendant's right to due process when it denied his motion to vacate a directed finding. *People v. Todd*, 2012 IL App (3d) 110624-U, ¶ 2. We affirmed defendant's conviction and sentence. *Id.* ¶ 26.

¶ 7 On December 19, 2016, defendant filed a *pro se* postconviction petition. The petition alleged four claims: (1) posttrial counsel provided ineffective assistance, (2) appellate counsel was ineffective, (3) the court violated defendant's right to due process, and (4) the court deprived defendant of his right to due process when it considered the amount of cocaine as an aggravating factor at sentencing. The court found the claims in defendant's petition to be frivolous and patently without merit. The court entered a written order summarily dismissing defendant's *pro se* petition. Defendant appeals.

¶ 8                                II. ANALYSIS

¶ 9 Defendant argues that the court erroneously dismissed his *pro se* postconviction petition because it presented an arguable claim of ineffective assistance of appellate counsel who did not argue on direct appeal that the court relied on an improper factor—the weight of the cocaine—at sentencing. We find that the court did not err because its consideration of the weight of the cocaine was not an improper double enhancement.

¶ 10 To advance from the first to second stage of postconviction proceedings, a petition must allege a violation of the petitioner's constitutional rights and that violation must have an arguable basis in fact or law. *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). Dismissal is appropriate where the petition alleges a claim that is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016); see also *Hodges*, 234 Ill. 2d at 11. Any claim raised and decided on direct appeal is barred by *res judicata*. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). Claims that could have been raised, but were not, are considered waived. *Id.* We review the court's summary dismissal *de novo*. *Id.*

¶ 11 At the outset, we find that the court properly dismissed defendant's claims of ineffective assistance of trial counsel, as well as the two due process claims, as these claims are barred by

*res judicata* and waiver. See *id.* However, defendant's ineffective assistance of appellate counsel claim is not subject to waiver because he could not raise the issue in his direct appeal. *People v. Flores*, 153 Ill. 2d 264, 281-82 (1992).

¶ 12        At the first stage of postconviction proceedings, an ineffective assistance of appellate counsel claim must make an arguable assertion that (1) counsel's performance fell below an objective standard of reasonableness and (2) defendant was prejudiced. *Hodges*, 234 Ill. 2d at 17. Defendant's contention that appellate counsel was ineffective for failing to raise a double enhancement issue required defendant to allege facts and law to show that counsel's failure was objectively unreasonable and counsel's decision prejudiced defendant. See *People v. Easley*, 192 Ill. 2d 307, 328-29 (2000). Appellate counsel is not required to brief every conceivable issue and is not incompetent for refraining from raising an issue that is without merit, unless counsel's appraisal of the merits is patently wrong. *Id.* at 329.

¶ 13        Turning first to defendant's allegation of deficient performance, defendant alleged that appellate counsel's performance was deficient for failing to raise an issue regarding the court's comment at sentencing that it could not ignore the "significant amount of cocaine that was sold here." Generally, "a factor implicit in the offense for which a defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense, absent a clear legislative intent to allow such use of the factor." *People v. Milka*, 211 Ill. 2d 150, 184 (2004). "The prohibition against double enhancements is based on the assumption that, in designating the appropriate range of punishment for a criminal offense, the legislature necessarily considered the factors inherent in the offense." *People v. Phelps*, 211 Ill. 2d 1, 12 (2004). To determine if the legislature permitted the court to consider a factor inherent in the offense at sentencing, we look first to the plain language of the statute. See *People v. Guevara*, 216 Ill. 2d 533, 545-46 (2005).

¶ 14        The State charged defendant, under section 401 of the Illinois Controlled Substances Act (Act), with unlawful delivery of a controlled substance. 720 ILCS 570/401(a)(2)(A) (West 2006). Subsection 401(a)(2)(A) criminalizes the offense of possessing with an intent to deliver a substance containing cocaine. *Id.* Applicable to this case, the subsection provides a sentence range of "not less than 6 years and not more than 30 years with respect to 15 grams or more but less than 100 grams of a substance containing cocaine, or an analog thereof." *Id.* Section 100 of the Act explains:

> "It is the intent of the General Assembly [to] *** penalize most heavily the illicit traffickers or profiteers of controlled substances, who propagate and perpetuate the abuse of such substances with reckless disregard for its consumptive consequences upon every element of society ***.
>
> *** To this end, guidelines have been provided, *along with a wide latitude in sentencing discretion*, to enable the sentencing court to order penalties in each case which are appropriate for the purposes of this Act." (Emphasis added.) *Id.* § 100.

The sentencing section of the Act further provides that

> "In determining the appropriate sentence for any conviction under this Act, the sentencing court may consider the following as indicative of the type of offenses which the legislature deems most damaging to the peace and welfare of the citizens of Illinois and which warrants the most severe penalties:
>
> (1) the unlawful delivery of the most highly toxic controlled substances, as reflected by their inclusion in Schedule I or II of this Act;

(2) offenses involving unusually large quantities of controlled substances, as measured by their wholesale value at the time of the offense;

\* \* \*

(5) offenses involving the large-scale manufacture of controlled substances;

\* \* \*

Nothing in this section shall be construed as limiting in any way *the discretion of the court to impose any sentence authorized by this Act*."

(Emphasis added.) *Id.* § 411.

Together, the plain language of these sections establishes that the legislature intended for the courts to have broad discretion to consider the amount of drugs as an aggravating factor at sentencing. See *People v. Garcia*, 2018 IL App (4th) 170339, ¶ 40. More specifically, the sentencing section of the Act expressly allows a circuit court to consider the amount of a drug when sentencing a defendant. See *id.*

¶ 15   Applied to this case, defendant possessed with an intent to deliver approximately 28 grams of cocaine. This amount corresponded to a sentence range of 6 to 30 years' imprisonment. See 720 ILCS 570/401(a)(2)(A) (West 2006). To select defendant's sentence from this range, the Act required the court to consider the amount of cocaine that defendant delivered to the undercover police officer. While this amount was less than the 100-gram maximum for the range, it was an appropriate factor for the court to consider in aggravation. Additionally, this was not the only factor in aggravation, as the PSI established that defendant had several prior criminal convictions. Notably, defendant also does not challenge the overall length of his

sentence. Therefore, we conclude that the court properly considered the amount of cocaine during sentencing, and appellate counsel did not have a duty to raise this meritless double enhancement issue. Accordingly, the court did not err when it summarily dismissed defendant's *pro se* postconviction petition.

¶ 16                                    III. CONCLUSION

¶ 17        For the foregoing reasons, we affirm the judgment of the circuit court of Whiteside County.

¶ 18        Affirmed.

**No. 3-17-0153**

| | |
|---|---|
| **Cite as:** | *People v. Todd*, 2019 IL App (3d) 170153 |
| **Decision Under Review:** | Appeal from the Circuit Court of Whiteside County, No. 07-CF-188; the Hon. Trish A. Joyce, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, Nathaniel A. Nieman, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Terry A. Costello, State's Attorney, of Morrison (Patrick Delfino and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |