**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 210256-U

Order filed November 10, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| *In re* J.H., | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| a Minor, | ) | Rock Island County, Illinois. |
| | ) | |
| (The People of the State of Illinois, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No.    3-21-0256 |
| | ) | Circuit No.    20-JD-26 |
| v. | ) | |
| | ) | |
| J.H., | ) | Honorable |
| | ) | Theodore G. Kutsunis, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justice Wright concurred in the judgment.
Justice Holdridge specially concurred.

_____

**ORDER**

¶ 1    *Held*:    The execution of a stayed, previously imposed adult criminal sentence on a delinquent juvenile under the provision allowing for extended jurisdiction juvenile prosecution was mandatory, and did not violate the eighth amendment, where the juvenile committed a new offense that violated the provisions of his juvenile sentence.

¶ 2    A delinquent juvenile appealed the imposition of his previously stayed adult sentence.

I. BACKGROUND

¶ 4    A delinquency petition was filed on April 14, 2020, alleging that the juvenile, Jawan C.H., committed the offenses of possession of a stolen motor vehicle and aggravated possession of a stolen motor vehicle. The State filed a motion to designate the prosecution as an extended jurisdiction juvenile prosecution, pursuant to section 5-810 of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/5-810 (West 2020)). The juvenile waived his right to have a hearing on designating the matter as an extended jurisdiction juvenile prosecution, and the trial court designated it as such after finding that the juvenile's waiver was knowing and voluntary. The juvenile then pled guilty to count I of the delinquency petition, possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2020)).

¶ 5    Pursuant to section 5-810(4) of the Act, the trial court imposed a juvenile sentence of commitment to the Illinois Department of Juvenile Justice for an indeterminate term not to exceed seven years, or the juvenile's 21st birthday, and an adult criminal sentence of seven years in the Illinois Department of Corrections. The adult sentence was stayed on the condition that the juvenile not violate the provisions of the juvenile sentence. Those orders were entered by the trial court on September 30, 2020.

¶ 6    On February 18, 2021, the State filed a petition to revoke the stay of the adult criminal sentence. The petition alleged that the juvenile was charged with possession of a stolen vehicle on February 17, 2021, a new offense that violated the provisions of the juvenile sentence. At a hearing on April 5, 2021, the juvenile conceded that the State would be able to prove that the juvenile committed the new offense by a preponderance of the evidence. In exchange, the State declined to prosecute the new offense and dismissed it. The juvenile filed a motion to declare unconstitutional a portion of section 5-810(6) of the Act. After briefing and argument, the trial court found that the

statute was constitutional, revoked the stay of the adult sentence, and entered a judgment sentencing the juvenile to seven years in the Illinois Department of Corrections. The juvenile filed a motion to reconsider sentence, again arguing that the extended jurisdiction juvenile statute was unconstitutional. That motion was denied, and the juvenile appealed.

¶ 7                                              II. ANALYSIS

¶ 8        The juvenile argues that a portion of the extended jurisdiction juvenile statute is unconstitutional in violation of the eighth amendment prohibition on cruel and unusual punishment because it provides for the automatic revocation of a stayed adult sentence. The State argues that the juvenile waived any constitutional challenge by entering into a fully-negotiated plea and by making an admission on the petition to revoke the stay of his adult sentence. Even if not waived, the State contends that the statute is constitutional.

¶ 9        First, with respect to waiver, our supreme court has found that a defendant's guilty plea waives *Apprendi*-based sentencing objections on appeal. *People v. Jackson*, 199 Ill. 2d 286, 295 (2002); *Apprendi v. New Jersey*, 530 U.S. 466, 470 (2000). Specifically, a defendant waives the right to a trial by jury by pleading guilty, and thus waives the right to have all elements decided beyond a reasonable doubt by a jury. *Id.* However, " 'a challenge to the constitutionality of a statute may be raised at any time.' " *In re M.I.*, 2013 IL 113776, ¶ 39 (quoting *People v. McCarty*, 223 Ill. 2d 109, 123 (2006)). Notably, in this case, the juvenile is not challenging his guilty plea entered on the delinquency petition but rather is challenging the constitutionality of that portion of section 5-810(6) of the Act that directs the trial court to order execution of the previously imposed adult criminal sentence. While the juvenile conceded that the State would be able to prove that he committed the new offense by a preponderance of the evidence, the juvenile filed a motion to declare the statute unconstitutional and also raised that issue in his motion to reconsider sentence.

3

Thus, we find no waiver. See *People v. Guevara*, 216 Ill. 2d 533, 542-43 (2005) ("a guilty plea does not preclude a defendant from arguing on appeal that he was sentenced under a statute that was facially unconstitutional").

¶ 10    The juvenile's challenge in this case is a facial challenge to section 5-810(6) of the Act. Section 5-810(6) of the Act provides that "[a]fter a hearing, if the court finds by a preponderance of the evidence that the minor committed a new offense, the court *shall* order execution of the previously imposed adult criminal sentence." (Emphasis added.) 705 ILCS 405/5-810(6) (West 2020). A statute is only facially invalid when no set of circumstances exist under which the statute would be valid. *People v. Mosley*, 2015 IL 115872, ¶ 49. Statutes are presumed to be constitutional, and courts construe statutes to uphold their constitutionally wherever possible. *People v. Minnis*, 2016 IL 119563, ¶ 21. "The party challenging the constitutionality of a statute has the burden of clearly establishing its invalidity." *Id.* Our review of the constitutionality of a statute is a question of law that we review *de novo*. *Id.*

¶ 11    Cruel and unusual punishments are prohibited by the eighth amendment, which is applicable to the states through the fourteenth amendment. U.S. Const., amends. VIII, XIV; *People v. Buffer*, 2019 IL 122327, ¶ 15. The concept of proportionality is inherent in that prohibition; punishment should be proportional to the offense and the offender. *Id.* The juvenile contends that section 5-810(6) of the Act forces a trial court to violate *Buffer* by not allowing it to consider the standards as they currently prevail.

¶ 12    As the State points out, the juvenile was not sentenced after the juvenile conceded that the State could prove by a preponderance of the evidence that the minor committed a new offense. Rather, under section 5-810(4) of the Act, the trial court imposed both the juvenile sentence and the adult criminal sentence based on the juvenile's guilty plea. 705 ILCS 405/5-810(4)(West

2020); *M.I.*, 2013 IL 113776, ¶ 42. The adult sentence was stayed, conditional on the juvenile not violating the provisions of his juvenile sentence. 705 ILCS 405/5-810(4)(ii) (West 2020). Since the adult sentence was imposed at the time of the plea, and there is no allegation that it was excessive or not proportionate at that time, we find no eighth amendment violation.

¶ 13　　　　As alternative relief, the juvenile asks this court to find that the word "shall," as used in section 5-810(6) of the Act, is not mandatory. Whether a statute's language is mandatory or directory is a question of statutory construction. *People v. Robinson*, 217 Ill. 2d 43, 54 (2005). There are actually two questions raised when determining whether a statute is mandatory. *People v. Delvillar*, 235 Ill. 2d 507, 514 (2009). The first is whether the statute is mandatory or permissive, in terms of whether the statute refers to an obligatory duty (mandatory) or a discretionary power (permissive). *Id.* The second question is whether the statute is mandatory or directory, which depends on whether the statute dictates particular consequences. *Id*. In this case, section 5-810(6) of the Act imposes a duty on the trial court to order execution of the stayed adult sentence if it finds that the juvenile committed a new offense. So, it is mandatory under the mandatory/permissive dichotomy. See *M.I.*, 2013 IL 113776, ¶ 21 (the word "shall" is "mandatory in the sense that executing the adult sentence when the minor has committed a new offense is an obligation that a government entity is required to perform."). The statute is also mandatory under the mandatory/directory dichotomy because it dictates a particular consequence, *i.e.*, imposition of the stayed adult sentence.

¶ 14　　　　　　　　　　　　　　III. CONCLUSION

¶ 15　　　　The judgment of the circuit court of Rock Island County is affirmed.

¶ 16　　　　Affirmed.

¶ 17　　　　　JUSTICE HOLDRIDGE, specially concurring:

5

¶ 18        I agree that the law, as it now stands, necessitates the disposition set forth in the majority order. However, I write separately to urge our General Assembly to revisit this issue to allow the court to consider a juvenile offender's circumstances prior to revoking the stay of an adult sentence in these cases, by changing the mandatory "shall" (*M.I.*, 2013 IL 113776, ¶ 21) to a discretionary "may." The U.S. Supreme Court has repeatedly held that "children are constitutionally different from adults for purposes of sentencing." *Miller v. Alabama*, 567 U.S. 460, 471 (2012). Before juveniles' brains are fully developed, they lack maturity and a complete sense of responsibility; can be careless, impulsive, and reckless; are more vulnerable to negative influences and outside pressures; have limited control over their own environment; and lack the ability to extricate themselves from settings that could get them into trouble. *Id.* However, they are also more capable of change than adults and have greater prospects for reform. *Id.* It is imperative that the court have the ability to consider these factors and the circumstances surrounding the juvenile's new offense before deciding to impose the adult sentence.