2015 IL App (1st) 133663

FIRST DIVISION
October 26, 2015

No. 1-13-3663

|                                              |   |                      |
|----------------------------------------------|---|----------------------|
|                                              | ) |                      |
|                                              | ) |                      |
| THE PEOPLE OF THE STATE OF ILLINOIS,         | ) |                      |
|                                              | ) | Appeal from the      |
|                                              | ) | Circuit Court of     |
| Plaintiff-Appellee,                          | ) | Cook County          |
|                                              | ) |                      |
| v.                                           | ) | 13 CR 6437           |
|                                              | ) |                      |
| HOWARD JOHNSON,                              | ) | Honorable            |
|                                              | ) | James B. Linn,       |
|                                              | ) | Judge Presiding.     |
| Defendant-Appellant.                         | ) |                      |
|                                              | ) |                      |

JUSTICE CONNORS delivered the judgment of the court, with opinion.
Presiding Justice Liu and Justice Cunningham concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant Howard Johnson was convicted of the offense of armed habitual criminal and sentenced to 7 1/2 years in prison. Defendant now appeals, arguing that his conviction should be reduced to unlawful use or possession of a weapon by a felon (UUWF) for three reasons: (1) the trial court subjected him to an impermissible double enhancement, (2) his conviction violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1990, art. I, §22), and (3) the armed habitual criminal statute violates due process because it criminalizes innocent conduct. For the following reasons, we affirm.

¶ 2                          BACKGROUND

¶ 3    Following an incident that occurred on March 2, 2013, defendant was charged with one count of armed habitual criminal, one count of armed violence, four counts of UUWF, two

counts of aggravated unlawful use of a weapon, and possession of a controlled substance. The following evidence was introduced at the bench trial.

¶ 4    Officer Chon testified that on March 2, 2013, he was working on patrol with his partner, Officer Zogg, when they observed what appeared to be a drug transaction on the 7600 block of South Hermitage Avenue in Chicago. Officer Chon testified that he and his partner approached defendant and another male and attempted to do a "field interview." Officer Chon saw defendant, who was facing away from him, throw a "gun over the yard," and then start running. Officer Chon and his partner chased defendant and apprehended him. They then went back to the place where they had observed defendant throw a gun, and recovered a "standard .45" gun and five bags of narcotics.

¶ 5    Officer Zogg testified that he observed defendant participate in a "hand-to-hand" drug transaction, and that when he saw the officers approaching, he threw a gun and several small items into a nearby backyard and then fled. Officer Zogg testified that he and his partner pursued and eventually caught defendant.

¶ 6    The State then introduced into evidence a certified copy of defendant's conviction in case No. 09 CR 17756-01, a felony conviction of residential burglary, as well as a certified copy of defendant's conviction in case No. 10 CR 18437-01 for unlawful use of a weapon by a felon.

¶ 7    The trial court found the evidence presented by the officers to be compelling and credible, and found defendant guilty on all counts except armed violence. After merging all of the counts, with the exception of possession of a controlled substance, into the first count (armed habitual criminal), the trial court sentenced defendant to 90 months in prison on the armed habitual criminal count and 3 years in prison on the possession of a controlled substance count, to be served concurrently.

¶ 8    Defense counsel filed a motion for a new trial, which incorrectly stated that defendant had been "found guilty of aggravated battery" and that the State failed to prove him guilty beyond a reasonable doubt of that offense.  During the sentencing hearing, defense counsel argued that the motion should be allowed because the State failed to prove defendant was in possession of a gun or drugs on the date in question.  The trial court denied the motion.  The trial judge noted that defendant could file a notice of appeal within 30 days, as well as a motion to modify his sentence, but that "[a]nything not stated in the filings would be waived for purposes of appeal."  Defendant timely filed a notice of appeal.

¶ 9                                   ANALYSIS

¶ 10    On appeal, defendant contends that his conviction for armed habitual criminal should be reduced to unlawful use or possession of a weapon by a felon (UUWF) for three reasons: (1) the trial court subjected him to an impermissible double enhancement, (2) his conviction violates the proportionate penalties clause of the Illinois Constitution, and (3) the armed habitual criminal statute violates due process because it criminalizes innocent conduct.

¶ 11    As an initial matter, however, the State argues that defendant failed to raise the issue of reducing his conviction to UUWF in the trial court and, therefore, failed to preserve this issue for appeal.  See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) (to preserve a claim of error on appeal, a defendant must both contemporaneously object and file a written posttrial motion raising the issue).  Defendant also failed to ask us to review this issue for plain error in his opening brief on appeal.  In the absence of a plain-error argument by a defendant, "we will generally honor the defendant's procedural default." *People v. Ramsey*, 239 Ill. 2d 342, 412 (2010).  However, because defendant argued plain error in his reply brief, that "is sufficient to allow us to review the issue for plain error." *Id.*  (citing *People v. Williams*, 193 Ill. 2d 306, 347-48 (2000)).

¶ 12    The plain error doctrine is a narrow and limited exception to the general rule of procedural default.  *Hillier*, 237 Ill. 2d at 545.  Plain-error review is appropriate under either of two circumstances: (1) when "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error"; or (2) when "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence."  *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).  Here, defendant argues plain error under both prongs.  Under both prongs, the defendant has the burden of persuasion and, if he fails to meet his burden, his procedural default will be honored.  *Hillier,* 237 Ill. 2d at 545.  The first step in our analysis is to determine whether an error occurred.  *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 13    Defendant's first basis for why his armed habitual criminal conviction should be reduced to UUWF is because he was subject to improper double enhancement.  Specifically, defendant contends that his prior conviction of residential burglary (case No. 09 CR 17756) was used to prove both predicate felonies of the armed habitual criminal offense–once by itself, and then again as an element of the second predicate felony of UUWF (case No. 10 CR 18437).

¶ 14    Double enhancement occurs when either: (1) a single factor is used both as an element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed, or (2) the same factor is used twice to elevate the severity of the offense itself.  *People v. Guevara*, 216 Ill. 2d 533, 545 (2005).  We find neither situation to be present here.

¶ 15    The armed habitual criminal statute reads in pertinent part:

"(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:

(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon ***; ***

***

(b) Sentence. Being an armed habitual criminal is a Class X felony." 720 ILCS 5/24-1.7 (West 2012).

¶ 16 Here, the trial court based defendant's armed habitual criminal conviction on defendant's two prior offenses: (1) residential burglary, which is a forcible felony as defined in section 2-8 of the Criminal Code of 2012 (Code) (720 ILCS 5/2-8 (West 2012)), and (2) unlawful use of a weapon by a felon (720 ILCS 5/24-1.1 (West 2012)). Both of these offenses are clearly enumerated above as valid offenses upon which to base an armed habitual criminal conviction. The fact that the residential burglary conviction was the felony upon which defendant's UUWF conviction was based does not negate the validity of the two offenses as the predicate offenses for defendant's armed habitual criminal conviction.

¶ 17 Defendant's reliance on *People v. Chaney*, 379 Ill. App. 3d 524 (2008), and *People v. Easley*, 2014 IL 115581, does not convince us otherwise. In *Chaney*, the trial court impermissibly doubly enhanced the defendant's sentence when it used the same prior convictions to both enhance the defendant's conviction to a Class 2 felony, as well as to classify defendant as a Class X felon. *Chaney*, 379 Ill. App. 3d at 532. In *Easley*, the defendant argued that he was subjected to improper double enhancement where the same prior felony conviction was used both to prove an element of the offense, and to elevate the class of offense to a Class 2 offense

5

and impose a harsher sentence. The court found that the defendant's prior conviction was used only as an element of the offense, and not also to enhance the sentence. *Easley*, 2014 IL 115581, ¶¶ 27-28.

¶ 18    In the case at bar, the residential burglary conviction was used only once–as a predicate felony to defendant's armed habitual criminal conviction and not again to enhance defendant's sentence. The other predicate felony to defendant's armed habitual criminal conviction was UUWF, which was predicated on defendant's residential burglary conviction. Finding that a UUWF conviction could not be predicated on the same conviction (here, residential burglary) as that used for one of the predicate offenses required for an armed habitual criminal conviction, would render the armed habitual criminal statute illogical. If defendant's construction of the armed habitual criminal statute were to be accepted, any defendant whose armed habitual criminal conviction consisted of the offense of UUWF would then have to have a third conviction–one that did not serve as a predicate offense to his UUWF conviction. Defendant's conclusion reads into the armed habitual criminal statute an element that is not there: that a court can only use the predicate felony of UUWF if that UUWF conviction is based on a felony other than the one used as the second predicate felony for the armed habitual criminal conviction. In other words, when using UUWF as a predicate felony for an armed habitual criminal conviction, the offender would have to have at least three prior felony convictions instead of two. There is no such language in the armed habitual criminal statute, and we refuse to read it into the statute. See *People v. Christopherson*, 231 Ill. 2d 449, 454 (2008) (a court presumes the legislature did not intend to create absurd results). Accordingly, we find that there was no improper double enhancement in this case.

¶ 19    Defendant's second basis upon which he argues that his armed habitual criminal conviction should be reduced to UUWF is that his conviction violates the proportionate penalties clause of the Illinois constitution.  Specifically, defendant contends that the elements used to establish the offense of armed habitual criminal in this case are the exact same elements used to establish the Class 2 offense of UUWF.

¶ 20    Article I, section 11 of the Illinois constitution provides that all penalties must be determined "according to the seriousness of the offense."  Ill. Const. 1970, art. I, § 11.  "In analyzing a proportionate penalties challenge, our ultimate inquiry is whether the legislature has set the sentence in accord with the seriousness of the offense."  *Guevara*, 216 Ill. 2d at 543.  A penalty can violate the proportionate penalties clause if it is greater than the sentence for an offense with identical elements.  *Id.*  Accordingly, we must now compare the armed habitual criminal statute to the UUWF statute to determine whether these two offenses have identical elements but disparate sentences.  The armed habitual criminal statute, in full, states:

> "(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:
>
>> (1) a forcible felony as defined in Section 2-8 of this Code;
>>
>> (2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child as described in Section 12-4.3 or subdivision (b)(1) of Section 12-3.05; intimidation; aggravated intimidation; gunrunning; home invasion; or aggravated battery with a firearm

as described in Section 12-4.2 or subdivision (e)(1), (e)(2), (e)(3), or (e)(4) of Section 12-3.05; or

(3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher.

(b) Sentence. Being an armed habitual criminal is a Class X felony." 720 ILCS 5/24-1.7 (West 2012).

¶ 21 The UUWF statute, by comparison, states:

"(a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. This Section shall not apply if the person has been granted relief by the Director of the Department of State Police under Section 10 of the Firearm Owners Identification Card Act.

* * *

(e) Sentence. Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person shall be sentenced to no less than 2 years and no more than 10 years and any second or subsequent violation shall be a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years. Violation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony *** is a Class 2 felony for which the person

shall be sentenced to not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(a), (e) (West 2012).

¶ 22    Based on a plain reading of both of the above offenses, it is clear that they do not have identical elements.  The offense of armed habitual criminal requires proof that the defendant had committed at least two prior enumerated offenses, while the offense of UUWF requires proof that defendant committed one prior felony offense of any type.  Defendant nevertheless argues that while these two offenses "[t]ypically *** do not have identical elements, *** they do in this case."  Defendant contends the enhanced version of UUWF, where the offense is elevated from a Class 3 to a Class 2 felony, contains identical elements as the armed habitual criminal statute.  Specifically, defendant contends that the following elements would satisfy either a conviction for armed habitual criminal or for the Class 2 form of UUWF: (1) a prior conviction for a forcible felony, (2) a prior conviction for UUWF, and (3) possession of a firearm.  Defendant admits, however, that under the Class 2 form of UUWF, the prior conviction of a forcible felony is used as a sentencing factor, not as an element of the offense; whereas under the armed habitual criminal statute, the prior conviction for a forcible felony is an element of the offense.

¶ 23    This is a crucial difference because "a defendant may not challenge a penalty under the proportionate penalties clause by comparing it with the penalty for an offense with different elements." *Guevara*, 216 Ill. 2d at 544-45 (citing *People v. Sharpe*, 216 Ill. 2d 481, 521 (2005)).  Moreover, the UUWF statute states that the defendant shall be sentenced as a Class 2 offender if it is his second UUWF conviction, *or* if he has committed a prior forcible felony.  See 720 ILCS 5/24-1.1 (West 2012) (any second or subsequent violation of this section shall be a Class 2 felony; violation of this section by a person who has been conceited of a forcible felony is a Class 2 felony).  In our case, defendant has been convicted of both: a subsequent violation of the

9

UUWF statute, as well as a prior conviction for a forcible felony. Accordingly, he was appropriately charged and convicted of armed habitual criminal and, thus, defendant's conviction did not violate the proportionate penalties clause.

¶ 24 Defendant's final basis for why his conviction for armed habitual criminal should be reduced to UUWF is that the offense violates due process and is facially unconstitutional. Defendant contends that the armed habitual criminal statute makes possession of a firearm a crime regardless of whether or not the person has a Firearm Owners Identification (FOID) card, which "potentially criminalizes innocent conduct."

¶ 25 We first note that statutes are presumed constitutional, and we have the duty to construe statutes so as to uphold their constitutionality if there is any reasonable way to do so. *People v. Inghram*, 118 Ill. 2d 140, 146 (1987). The party challenging the validity of a statute has the burden of clearly establishing a constitutional violation. *In re R.C.*, 195 Ill. 2d 291, 296 (2001). Here, defendant's challenge is a facial challenge to the statute on due process grounds, not an "as applied" challenge. "Successfully making a facial challenge to a statute's constitutionality is extremely difficult, requiring a showing that the statute would be invalid under *any* imaginable set of circumstances. The invalidity of the statute in one particular set of circumstances is insufficient to prove its facial invalidity." (Emphasis in original.) *In re M.T.*, 221 Ill. 2d 517, 536-37 (2006). " '[S]o long as there exists a situation in which a statute could be validly applied, a facial challenge must fail.' " *People v. Huddleston*, 212 Ill. 2d 107, 145 (2004) (quoting *Hill v. Cowan*, 202 Ill. 2d 151, 157 (2002)).

¶ 26 Defendant claims that because section 10 of the Firearm Owners Identification Card Act (Act) (430 ILCS 65/1 *et seq*. (West 2012)) provides that persons with prior felony convictions may, upon application, be awarded a FOID card where (1) the applicant has not been convicted

of a forcible felony within 20 years of the applicant's application for a FOID card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction, (2) the circumstances regarding a criminal conviction, the applicant's criminal history, and his reputation are such that the applicant will not likely act in a manner dangerous to public safety, (3) granting relief would not be contrary to the public interest, and (4) granting relief would not be contrary to federal law (430 ILCS 65/10 (West 2012)), the possession of a firearm by a person twice convicted of the offenses set forth in the armed habitual criminal statute is not, by itself, a criminal act; rather, Illinois law only intends for the act to be a crime where it is also shown that the person did not have a FOID card at the time he possessed the firearm.

¶ 27    While it may be true that an individual could be twice-convicted of the offenses set forth in the armed habitual criminal statute and still receive a FOID card under certain unlikely circumstances, the invalidity of a statute in one particular set of circumstances is insufficient to prove that a statute is facially unconstitutional.  See *M.T.*, 221 Ill. 2d at 536-37.  The armed habitual criminal statute was enacted to help protect the public from the threat of violence that arises when repeat offenders possess firearms.  *People v. Davis*, 408 Ill. App. 3d 747, 750 (2011).  The Supreme Court explicitly noted in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  *Id*.  See *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993) (judicial *dicta* should usually carry dispositive weight in an inferior court).  Accordingly, we find that the potential invalidity of the armed habitual criminal statute in one very unlikely set of circumstances does not render the statute unconstitutional on its face.

¶ 28  Defendant's reliance on *Coram v. State of Illinois*, 2013 IL 113867, does not convince us otherwise.  In *Coram*, an applicant sought a FOID card approximately 17 years after he was convicted of misdemeanor domestic battery.  The Illinois Department of State Police (IDSP) denied the FOID card application, and the applicant petitioned for judicial review.  The circuit court entered an order directing the IDSP to issue the applicant a FOID card.  The IDSP then filed a motion to intervene and a motion to vacate the order.  The IDSP's motion to intervene was granted, but its motion to vacate the order was denied.

¶ 29  Our supreme court indicated that the current version of the Act "was not in effect when proceedings under section 10(c) were conducted with respect to *Coram*."  Accordingly, while nothing in the Act prevented the trial court from granting the applicant in *Coram* relief under section 10 at the time he applied for his FOID card, the current, amended version of the Act does prevent the trial court from granting someone like defendant relief under section 10.  Moreover, a majority of the justices found that the 2013 amendments to the Act prevented a trial court from overlooking the federal prohibition of certain individuals from owning a firearm. *Id.* ¶¶ 75 (majority opinion), 101 (Burke, J., specially concurring, joined by Freeman, J.), 124 (Theis, J., dissenting, joined by Garman, J.).  Accordingly, *Coram* is not applicable to the instant case, as the amended version of section 10 of the Act applies to this appeal, and a majority of our supreme court justices support the interpretation of the amendments as prohibiting the IDSP from issuing defendant a FOID card.  We find that defendant's armed habitual criminal conviction should not be reduced to a UUWF conviction.

¶ 30                                  CONCLUSION

¶ 31  For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 32  Affirmed.