2020 IL App (1st) 171437-U

No. 1-17-1437

Order filed February 14, 2020

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 19101 |
| | ) | |
| DARIUS LOVE, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

---

JUSTICE CONNORS delivered the judgment of the court.
Justices Cunningham and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the summary dismissal of defendant's postconviction petition because the armed habitual criminal statute is not facially unconstitutional.

¶ 2    Defendant Darius Love appeals from an order of the circuit court summarily dismissing his *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)). For the following reasons, we affirm.

¶ 3 Defendant was charged in a nine-count information. Count I alleged that defendant committed the offense of being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2014)), in that he knowingly or intentionally possessed a firearm after having been convicted of unlawful use of a weapon by a felon and robbery.

¶ 4 On April 16, 2015, defendant requested a pretrial conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). During the conference, the State represented that on October 15, 2014, around 11:51 p.m., Chicago police officers received information that someone on a CTA bus had a firearm in his waistband. The officers stopped that bus on the 8200 block of King Drive and observed defendant exit and run northwest towards 81st Street and Calumet Avenue. The officers followed defendant until they observed him throw a firearm. That firearm was recovered and defendant was arrested. At the time of the incident, defendant did not have a conceal carry license and his background included convictions for unlawful use of a weapon by a felon and robbery.

¶ 5 The following day, defendant accepted the trial court's offer and pled guilty to one count of AHC in exchange for eight years' imprisonment. After the parties stipulated to the facts presented in the Rule 402 conference, the trial court accepted defendant's guilty plea and sentenced him to eight years' imprisonment to be served at 85% followed by three years' mandatory supervised release (MSR).

¶ 6 On February 10, 2016, defendant filed a motion to withdraw guilty plea and vacate sentence pursuant to Illinois Supreme Court Rule 604(d) (eff. Dec. 3, 2015). The circuit court dismissed the motion as "untimely," "frivolous," and "baseless." The record does not show that defendant filed a direct appeal.

¶ 7    On March 15, 2017, defendant filed a *pro se* postconviction petition. In his petition, defendant alleged (1) a one act, one crime doctrine violation in his underlying convictions; (2) the truth-in-sentencing statute was improperly applied to him; (3) ineffective assistance of trial counsel; (4) the three-year MSR period violated the agreed sentence of eight years' imprisonment at 85%; and (5) the AHC statute violates due process because it "punishes violators without giving them fair warning on what conduct it punishes" and does not consider whether offenders can be sentenced under the truth-in-sentencing statute.

¶ 8    On April 19, 2017, the circuit court entered a written order dismissing defendant's postconviction petition as "frivolous and patently without merit." Relevant here, the circuit court stated defendant's claim regarding the constitutionality of the AHC statute was "meritless" because "[s]everal recent appellate court panels have upheld the [AHC] statute as constitutional and concluded that it does not violate due process nor is it facially unconstitutional."

¶ 9    On appeal, defendant argues for the first time that because all Illinois citizens, including felons, are eligible to legally possess firearms under the Firearm Owners Identification (FOID) Card Act (430 ILCS 65/1 *et seq.* (West 2014)), the AHC statute (720 ILCS 5/24-1.7(a) (West 2014)), which criminalizes the lawful and unlawful possession of firearms by certain felons, is facially unconstitutional.

¶ 10    Generally, claims not raised in a postconviction petition are forfeited. *People v. Petrenko*, 237 Ill. 2d 490, 502-03 (2010). However, a defendant may raise a facial challenge to the statute under which he has been convicted at any time. *People v. Thompson*, 2015 IL 118151, ¶ 32. Whether a statute is constitutional is a question of law we review *de novo*. *People v. Davis*, 2014 IL 115595, ¶ 26.

¶ 11    "There is a strong presumption that a statute is constitutional, and the party challenging its constitutionality bears the burden of clearly establishing that the statute violates the constitution." *People v. Clark*, 2014 IL 115776, ¶ 9. Thus, where there is a reasonable way to do so, courts have a duty to construe statutes to uphold their constitutionality. *People v. Thurow*, 203 Ill. 2d 352, 367 (2003). Facial challenges to the constitutionality of statutes are the most difficult challenges to mount. *Davis*, 2014 IL 115595, ¶ 25. That is because a statute is facially unconstitutional only if there are no circumstances in which the statute could be validly applied. *Id.* "A statute is not facially invalid merely because it *could* be unconstitutional in some circumstances." (Emphasis in original.) *People v. West*, 2017 IL App (1st) 143632, ¶ 21. Accordingly, a facial challenge fails if any circumstance exists where the statute could be validly applied. *Id.*

¶ 12    When, as here, a statute "does not affect a fundamental constitutional right," we determine its constitutionality using the "highly deferential rational basis test." *People v. Madrigal*, 241 Ill. 2d 463, 466 (2011); *People v. Fulton*, 2016 IL App (1st) 141765, ¶¶ 21-23 (applying the rational basis test to the AHC statute). Under this test, a statute will be upheld "so long as it bears a rational relationship to a legitimate legislative purpose and is neither arbitrary nor unreasonable." *People v. Hollins*, 2012 IL 112754, ¶ 15. Although the legislature has "wide discretion" to determine penalties for criminal offenses, "this discretion is limited by the constitutional guarantee of substantive due process, which provides that a person may not be deprived of liberty without due process of law." *Madrigal*, 241 Ill. 2d at 466. A statute violates due process "if it potentially subjects wholly innocent conduct to criminal penalty without requiring a culpable mental state beyond mere knowledge." *Id.* at 467. In that situation, the statute "fails the rational basis test because it does not represent a reasonable method of preventing the targeted conduct." *Id.* at 468.

¶ 13    A person commits the offense of AHC if he "receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination" of several enumerated felonies. 720 ILCS 5/24-1.7 (West 2014). Relevant here, these include unlawful use of a weapon by a felon and robbery. 720 ILCS 5/24-1.7(a)(1), (2) (West 2014); 720 ILCS 5/2-8 (West 2014).

¶ 14    Under section 8(c) of the FOID Card Act (430 ILCS 65/8(c) (West 2014)), a person who is convicted of a felony may have his FOID card seized or revoked, or his application denied. Still, section 10(c) of the FOID Card Act (430 ILCS 65/10(c) (West 2014)) provides that a circuit court may grant relief to a FOID card applicant prohibited from obtaining a card under section 8(c) where he establishes certain requirements to the court's satisfaction. Thus, a felon can acquire a FOID card and become legally authorized to possess a firearm.

¶ 15    This court has considered and rejected facial challenges to the AHC statute on several occasions. *West*, 2017 IL App (1st) 143632, ¶ 22; *People v. Brown*, 2017 IL App (1st) 150146, ¶ 31; *Fulton*, 2016 IL App (1st) 141765, ¶ 23; *People v. Johnson*, 2015 IL App (1st) 133663, ¶ 27. We have held:

> " 'While it may be true that an individual could be twice-convicted of the offenses set forth in the [AHC] statute and still receive a FOID card under certain unlikely circumstances, the invalidity of a statute in one particular set of circumstances is insufficient to prove that a statute is facially unconstitutional. [Citation.] The [AHC] statute was enacted to help protect the public from the threat of violence that arises when repeat offenders possess firearms. [Citation.] The Supreme Court explicitly noted in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that "nothing in our opinion should be taken to cast doubt on

longstanding prohibitions on the possession of firearms by felons." [Citation.] \*\*\* Accordingly, we find that the potential invalidity of the [AHC] statute in one very unlikely set of circumstances does not render the statute unconstitutional on its face.' " *Fulton*, 2016 IL App (1st) 141765, ¶ 23 (quoting *Johnson*, 2015 IL App (1st) 133663, ¶ 27).

¶ 16 Here, defendant has not demonstrated that the AHC statute is facially unconstitutional. The legislature enacted the AHC statute to protect the public from the danger posed by repeat offenders possessing firearms. *Davis*, 408 Ill. App. 3d at 750. The AHC statute can be validly applied in cases such as this, where a twice-convicted felon does not possess a FOID card. While an individual twice convicted of the offenses outlined in the AHC statute might conceivably receive a FOID card and, thus, legally possess a firearm, that unlikely circumstance is insufficient to establish that the statute is facially unconstitutional. *Johnson*, 2015 IL App (1st) 133663, ¶ 27.

¶ 17 Defendant concedes that this court's prior holdings contradict his position on appeal. Nevertheless, defendant argues that *Coram v. State of Illinois*, 2013 IL 113867, confirms a constitutional guarantee for "individualized consideration" of whether a person may legally possess a firearm, and thus requests that we depart from our holdings and find the AHC statute facially unconstitutional. In *Coram*, the Illinois State Police denied the applicant a FOID card because, under federal law, the applicant's prior misdemeanor domestic battery conviction barred him from possessing a firearm. *Coram*, 2013 IL 113867, ¶ 8. The Illinois supreme court determined that, under the version of the FOID Card Act in effect when the applicant applied for his FOID card, nothing prevented the trial court from granting relief from the federal firearm disability. *Id.* ¶ 9. Consistent with the Illinois Constitution's guarantee of "the right of the individual citizen to keep and bear arms" (Ill. Const. 1970, art. 1, § 22), *Coram* found that the FOID Card Act mandated

"individual assessment of a person's application and circumstances" and "individualized judicial consideration of the basis for denial of a FOID card." (Emphasis omitted.) *Coram*, 2013 IL 113867, ¶ 58.

¶ 18   As defendant notes, however, in both *Fulton* and *Johnson* this court found *Coram* inapplicable because it analyzed an older version of the FOID Card Act in upholding the individualized consideration of a person's right to possess a firearm. *Fulton*, 2016 IL App (1st) 141765, ¶ 24; *Johnson*, 2015 IL App (1st) 133663, ¶ 29. In *Fulton*, we further distinguished *Coram* because it did not address the constitutionality of the AHC statute. *Fulton*, 2016 IL App (1st) 141765, ¶ 24. We decline to depart from our prior holdings on this issue, and therefore reject defendant's claim that the AHC statute is facially unconstitutional.

¶ 19   For the foregoing reasons, we affirm the circuit court's summary dismissal of defendant's postconviction petition.

¶ 20   Affirmed.