2020 IL App (1st) 181967-U

No. 1-18-1967

Order filed September 29, 2020

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 16591 |
| | ) | |
| NINA SLAUGHTER, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's contention that cocaine found on her person was the fruit of an illegal interrogation is forfeited where she did not allege a violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), in her motion to suppress. Trial counsel was not ineffective for failing to allege a *Miranda* violation because defendant was not in custody when a police officer questioned her.

¶ 2    Following a stipulated bench trial, defendant Nina Slaughter was found guilty of possession of less than 15 grams of a controlled substance and sentenced to 18 months' probation. On appeal, defendant argues that (1) the trial court erred by denying her motion to

suppress the cocaine found on her person because it was the fruit of an illegal interrogation, and (2) trial counsel was ineffective for failing to allege a violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), in her motion to suppress. For the following reasons, we affirm.

¶ 3    Defendant was charged by information with one count of possession of a controlled substance (720 ILCS 570/402(c) (West 2016)). The information alleged that on or about October 26, 2017, defendant unlawfully and knowingly possessed less than 15 grams of a substance containing cocaine.

¶ 4    Prior to trial on March 15, 2018, defendant filed a motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). In the motion, defendant argued that the search warrant that led to police discovering cocaine on her person relied on false statements by a registered confidential informant (RCI). As alleged in the warrant, the RCI told Chicago police officer Michael Higgins that on October 26, 2017, defendant's son, Antoine Fulton, sold the RCI cannabis from the second floor apartment of a building on the 5400 block of South Carpenter Street in Chicago. The RCI gave similar information to police in 10 other cases. Defendant attached affidavits from Antoine Bell and Antonio Fulton, who averred that they lived in that apartment with defendant and Antoine Fulton, and that he was not there the day the RCI alleged the drug transaction occurred. Defendant argued that these affidavits showed that the informant provided false information, which the police failed to independently corroborate.

¶ 5    The trial court denied defendant's *Franks* motion, finding that the police had sufficient independent corroboration of the drug transaction because, according to Higgins, they obtained pictures of the apartment and the RCI verified that it was the correct location. The trial court also

noted that the police had a photograph of Antoine Fulton and that the Assistant State's Attorney (ASA) signed the complaint for the warrant.

¶ 6 On April 30, 2018, defendant filed a motion to suppress the cocaine found on her person. Specifically, defendant asserted that the officers lacked a reasonable suspicion that she had been or was about to be involved in criminal activity, and thus, pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), stopping and frisking her was unlawful.

¶ 7 At the May 22, 2018 hearing on defendant's motion, Chicago police officer Burmisterz[1] testified that on October 26, 2017, she was on a team that executed a search warrant at the apartment on Carpenter. The parties stipulated that the target of the warrant was Antoine Fulton, not defendant. Burmisterz stated that she did not have a warrant to arrest or search defendant. After Burmisterz entered the apartment, she detained defendant and searched her. During the search, Burmisterz recovered one clear plastic knotted bag containing cannabis, one blue tinted Ziploc bag containing suspect crack cocaine, and one piece of tissue containing suspect crack cocaine. Burmisterz then arrested defendant.

¶ 8 On cross-examination, Burmisterz testified that she entered the apartment through the back and went into the kitchen, where she saw defendant next to a bedroom. Burmisterz detained defendant for purposes of conducting the search of the apartment and asked if she had "anything" on her person.[2] Defendant stated she had cannabis in her bra, which Burmisterz recovered. Burmisterz then performed a protective pat down by running her hands along the

---

[1] Burmisterz's first name does not appear in the record.

[2] In her brief, defendant repeatedly asserts that Burmisterz asked her if she had "anything illegal" on her person. On cross-examination, the ASA asked Burmisterz if she asked defendant if she had "anything" on her person, and Burmisterz stated, "I did." On redirect examination, defense counsel asked Burmisterz if she asked defendant if she had "anything illegal" on her person, and Burmisterz testified, "I asked her if she had anything on her. Yes."

waist of defendant's pants and putting a finger in the interior of defendant's waistline, from which she recovered suspect cocaine. Burmisterz asked if defendant had "anything else" on her person, and defendant answered affirmatively. Burmisterz then recovered individually packaged items of suspect cocaine from the front waist of defendant's pants.

¶ 9 On redirect examination, Burmisterz testified that when she initially detained defendant, she was not handcuffed but was not free to leave. Burmisterz did not give defendant *Miranda* warnings prior to asking if she had anything on her person. After recovering the cannabis from defendant's bra, Burmisterz performed the protective pat down to determine if defendant had weapons or other illegal objects on her. During the pat down, Burmisterz put her thumbs inside defendant's waistband, and a blue Ziploc bag containing suspect crack cocaine came out. After recovering the bag, Burmisterz handcuffed defendant. The following colloquy occurred:

"[DEFENSE COUNSEL]: And before you asked her if she had anything else illegal on her, did you give her Miranda warnings?

[BURMISTERZ]: No, I didn't.

[DEFENSE COUNSEL]: And you're saying that at [that] point she says, yes, she did have something else on her?

[BURMISTERZ]: Yes, sir.

[DEFENSE COUNSEL]: And what exactly did she say?"

¶ 10 Before Burmisterz answered, the State objected on the basis that there was no pending motion to suppress defendant's statement. The trial court responded, "there's still the Fourth Amendment claim. Overruled." Burmisterz then testified that defendant told her she could recover bags wrapped in tissue in defendant's pants.

¶ 11    Following Burmisterz's testimony, defense counsel argued that Burmisterz lacked probable cause to search defendant. Defense counsel asserted that Burmisterz testified that she performed a protective pat down after finding cannabis on defendant, but searching inside defendant's waistband "eliminate[d] the protective pat down justified by Terry or weapons." Defense counsel further stated that although Burmisterz said that defendant consented to the search, such consent was involuntary because defendant had been handcuffed.

¶ 12    The trial court denied defendant's motion to suppress, stating that after securing the room, Burmisterz was allowed to make a "general inquiry" of defendant while executing the search warrant and was therefore justified to ask whether she "had anything that she shouldn't." According to the trial court, once Burmisterz recovered the cannabis, she had the right to arrest defendant and perform a "full custodial search." Therefore, the trial court did not "find offense to the Fourth [A]mendment by anything" that Burmisterz did.

¶ 13    The case proceeded to a stipulated bench trial on June 6, 2018. The parties adopted the testimony from the suppression hearing, and the State entered a stipulation that the items recovered from defendant tested positive for two grams of cocaine.

¶ 14    The trial court found defendant guilty of possession of a controlled substance. Defendant filed a motion to reconsider, or in the alternative for a new trial. Relevant here, defendant argued without elaboration that the trial court erred in denying her motion to suppress. The trial court denied defendant's motion and, following a hearing, sentenced her to 18 months' probation.

¶ 15    On appeal, defendant first argues that Burmisterz did not Mirandize her before initially asking whether she had anything on her person, and therefore, the trial court erroneously denied her motion to suppress the cocaine as fruit of an illegal interrogation.

¶ 16    The State asserts that defendant forfeited this issue because her motion to suppress only alleged a *Terry* violation, and thus, she cannot now assert an argument regarding *Miranda*. In her reply brief, defendant contends for the first time that even if the issue were forfeited, we may review it for plain error. See *People v. Johnson*, 2015 IL App (1st) 133663, ¶ 11 ("because defendant argued plain error in his reply brief, that is sufficient to allow us to review the issue for plain error" (internal quotation marks omitted)).

¶ 17    "It has frequently been held that the theory upon which a case is tried in the lower court cannot be changed on review, and that an issue not presented to or considered by the trial court cannot be raised for the first time on review." (Internal quotation marks omitted.) *Daniels v. Anderson*, 162 Ill. 2d 47, 58 (1994). Here, defendant's motion to suppress argued that the officers lacked a reasonable suspicion that she had been or was about to be involved in criminal activity, and thus, stopping and frisking her was unlawful under *Terry*. At the hearing on her motion, defense counsel asked Burmisterz whether she Mirandized defendant, but did not allege a *Miranda* violation. Thus, the State had no opportunity to argue the issue and the trial court did not rule thereon. Consequently, defendant's claim is forfeited, and we decline to review it for plain error. See, *e.g.*, *People v. Hughes*, 2015 IL 117242, ¶¶ 40, 45-47 (the defendant forfeited his argument on appeal that his confession was involuntary because throughout trial and in posttrial proceedings, he challenged the reliability of his confession rather than its voluntariness).

¶ 18    In a supplemental brief filed with leave of court, defendant further alleges that trial counsel was ineffective for failing to include the *Miranda* issue in the motion to suppress. In turn, the State asserts in its supplemental brief that trial counsel's omission does not amount to ineffective assistance because the argument would have failed.

¶ 19    Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's error, the result of the proceeding would be different. *People v. Henderson*, 2013 IL 114040, ¶ 11. The failure to establish either prong defeats a claim of ineffectiveness. *Id.*

¶ 20    Under *Miranda*, an individual subject to custodial interrogation must be informed of certain rights before questioning. *Miranda*, 384 U.S. at 444, 478-79. However, *Miranda* warnings are only necessary when "the person is both in custody and being interrogated by the police" (*People v. Briseno*, 343 Ill. App. 3d 953, 957 (2003)), and are not required when "the police conduct a general on-the-scene questioning as to facts surrounding a crime" (*People v. Parks*, 48 Ill. 2d 232, 237 (1971)). Instead, the *Miranda* safeguards become applicable only when a person's "freedom of action is curtailed to a degree associated with formal arrest." (Internal quotation marks omitted.) *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984).

¶ 21    Although Burmisterz testified that defendant was not free to leave during the search, "the fact that defendant was unable to leave, and thus was subject to a *Terry* seizure, is not dispositive on the issue of whether defendant was in custody for purposes of *Miranda*." (Internal quotation marks omitted.) *People v. Jeffers*, 365 Ill. App. 3d 422, 429 (2006). Rather, the relevant factors to determine whether a statement was made in a custodial setting include:

> "(1) the location, time, length, mood, and mode of the questioning; (2) the number of police officers present during the interrogation; (3) the presence or absence of family and friends of the individual; (4) any indicia of a formal arrest procedure,

such as the show of weapons or force, physical restraint, booking or fingerprinting; (5) the manner by which the individual arrived at the place of questioning; and (6) the age, intelligence, and mental makeup of the accused." *People v. Slater*, 228 Ill. 2d 137, 150 (2008).

No single factor is controlling; after considering each one, we must determine whether a reasonable, innocent person would have believed that he was free to leave. *Id.*

¶ 22    Considering all the factors, we find that defendant was not in custody under *Miranda* when Burmisterz first asked whether she had anything on her. Defendant was in her apartment when Burmisterz spoke to her, and thus, in a familiar environment. Burmisterz described the entire conversation as being relatively short and nonintimidating. Although Burmisterz testified she was part of a team to search the apartment, no evidence showed other officers were in the immediate vicinity when Burmisterz asked defendant this initial question. Defendant was not handcuffed at this point. Further, no evidence suggested defendant's inability to understand the situation. Under these circumstances, defendant was not in custody under *Miranda* when Burmisterz first asked if she had anything on her, and therefore, defendant was not prejudiced by trial counsel's failure to make this argument in her motion to suppress.

¶ 23    Moreover, we note that *People v. Chestnut*, 398 Ill. App. 3d 1043 (2010), relied on by defendant, is distinguishable. In *Chestnut*, two police officers were positioned in an enclosed porch outside a house during the execution of a search warrant when the defendant rang the doorbell. *Chestnut*, 398 Ill. App. 3d 1044-45. After an officer opened the porch door and defendant entered, the officers identified themselves and said they were conducting a drug investigation. *Id.* at 1045. The defendant began to act "nervous," and an officer asked why he

was at the residence and whether he "possessed any illegal drugs or narcotics." (Internal quotation marks omitted.) *Id.* The defendant denied possessing drugs, an officer repeated the same question, and defendant again responded "no." (Internal quotation marks omitted.) *Id.* Defendant then consented to being searched, during which the officers recovered drugs. *Id.* at 1045-46. The trial court granted the defendant's motion to quash his arrest and suppress evidence. *Id.* at 1047. On appeal by the State, we found that the defendant was not merely detained, but was in custody under *Slater* because the officers stood in front of and behind him on the enclosed porch, which restricted his freedom of movement. *Id.* at 1053-54.

¶ 24    In contrast to *Chestnut*, here defendant spoke with only Burmisterz, who did not work with another officer to block defendant in one area. Additionally, Burmisterz did not ask her whether she "possessed any illegal drugs or narcotics," but instead only asked if defendant had "anything" on her. Thus, the situation in which defendant was questioned differed from *Chestnut*, and Burmisterz was not required to give defendant *Miranda* warnings. Therefore, defendant cannot show prejudice from trial counsel's failure to allege a *Miranda* violation in the motion to suppress, and her ineffective assistance claim fails under *Strickland*.

¶ 25    Based on the foregoing, the judgment of the circuit court is affirmed.

¶ 26    Affirmed.