2022 IL App (1st) 200171-U

No. 1-20-0171

Order filed February 28, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CR 5898 |
| | ) | |
| DOMINIC WHEATLEY, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Hyman and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's seven-year sentence for unlawful use of a weapon by a felon is affirmed where the trial court did not improperly consider a factor inherent in the offense.

¶ 2    Following a bench trial, defendant Dominic Wheatley was found guilty of unlawful use of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2018)) and sentenced to seven years' imprisonment. Wheatley contends the trial court improperly relied on factors inherent in the

offense when it declined to depart from the statutory sentencing guidelines for individuals with prior felony firearm convictions. We affirm.

¶ 3                                          BACKGROUND

¶ 4     Wheatley was charged by indictment with UUWF (counts I-IV) and aggravated unlawful use of a weapon (counts V-VIII) arising from an incident on April 8, 2019.[1] The State proceeded on the UUWF counts. Counts I and II asserted that the State sought to sentence Wheatley as a Class 2 offender because he was on parole or mandatory supervised release at the time of the offense. Because Wheatley does not challenge the sufficiency of the evidence, we recount only the facts necessary to resolve the issue on appeal.

¶ 5     The evidence at trial showed that at 3 p.m. on April 8, 2019, Chicago police officer Javier Collazo observed a group of people, including Wheatley and Walter Talbert, on the sidewalk on the 900 block of North Springfield Avenue in Chicago. Talbert adjusted his waistband, which appeared to hold a heavy object. Collazo approached the group, and Talbert and Wheatley fled. During the ensuing pursuit, Collazo observed Wheatley drop a black and gray firearm. Collazo recovered the weapon, which contained a loaded extended magazine. Eventually, assisting officers found Wheatley among boxes and clutter in a storage area or attic of a nearby house. They asked Wheatley if he had a Firearm Owners Identification (FOID) card or concealed carry license, and Wheatley asked, "What is that?" The officers then arrested Wheatley.

¶ 6     At the bench trial, the State published body camera footage showing officers recovering the firearm and discovering Wheatley, and a certification showing that on December 13, 2016,

---

[1] Wheatley was indicted with Walter Talbert, who was tried in a separate proceeding and is not a party to this appeal.

Wheatley had pled guilty to possession of a firearm by a gang member, a Class 2 felony, in case number 16 CR 14787. The trial court found Wheatley guilty of UUWF (counts I-IV) and denied his motion for a new trial.

¶ 7    Wheatley's presentence investigation report (PSI) showed the prior conviction for possession of a firearm by a gang member and a separate conviction for possession of a controlled substance, with prison sentences of three years and one year, respectively. Wheatley, age 24 at the time of the instant offense, was raised by his mother and reported an "average" childhood. Wheatley frequently spoke with his mother, who lived in Chicago, and with his father, who resided in Detroit, and reported a "perfect" relationship with his older brother. He had a three-year-old daughter, with whom he had a "perfect" relationship and frequent contact when not incarcerated.

¶ 8    Wheatley graduated from Austin Career Academy and expressed a desire to enroll in college and major in business. He last worked at a staffing agency in early 2019. Wheatley denied gang affiliation and reported seeing a psychiatrist for post-traumatic stress disorder (PTSD) during his previous incarceration. He experienced excessive anxiety and stress due to his current incarceration and took the psychotropic medication Remeron and a second unnamed medication. Wheatley regularly consumed alcohol, marijuana, codeine, and ecstasy, and stated that he would cooperate with any court-ordered substance abuse program.

¶ 9    At sentencing, the parties disputed whether Wheatley qualified for sentencing under the guidelines for individuals with prior felony firearm convictions. The State argued Wheatley should receive seven years' imprisonment under the guidelines. Defense counsel argued that Wheatley's prior conviction for possession of a firearm by a gang member was not a qualifying conviction, and, therefore, the minimum sentence was not seven years' imprisonment, but three. Counsel also

contended that Wheatley self-medicated for PTSD and requested a recommendation to a drug treatment facility and a sentence of four years' imprisonment.

¶ 10    In allocution, Wheatley apologized for "wasting" the court's time and asserted that he wanted to change his life for the better. Wheatley stated that he planned to move to Minnesota with his uncle "to help him with construction and make [his] future brighter."

¶ 11    In announcing sentencing, the court noted that it considered the statutory and non-statutory factors in aggravation and mitigation and "took a lot of time" reading the PSI. The court acknowledged Wheatley's good childhood, family relationships, and PTSD. The court also noted that Wheatley was 25 years old, carried a weapon with an extended clip during the afternoon, and committed the instant offense less than a year after being paroled for his prior two convictions. The court observed that Wheatley's conviction for possession of a firearm by a gang member was a predicate felony requiring the "presumptive" sentencing range. The court imposed seven years' imprisonment with a recommendation of drug treatment and noted that even if the "presumptive" range did not apply, the sentence would be fair.[2]

¶ 12    Defense counsel filed a motion to reconsider the sentence, arguing it was excessive and penalized Wheatley for exercising his right to trial. During the hearing, counsel further argued that under the applicable statute, a conviction for possession of a firearm by a gang member did not trigger the sentencing guidelines for individuals with prior felony firearm convictions.

---

[2] The court did not state whether the counts merged, but the mittimus shows defendant was convicted on count I for UUWF.

¶ 13    The court denied Wheatley's motion, noting that even if that conviction did not trigger the sentencing guidelines at issue, seven years' imprisonment was "proper" based on Wheatley's background and the factors in aggravation and mitigation. Wheatley now appeals.

¶ 14                                     ANALYSIS

¶ 15    On appeal, Wheatley challenges only the sentence, not the conviction. Wheatley argues he established grounds for a reduced sentence because he started carrying the gun only after he had been shot, and he suffered from PTSD and drug addiction, which reduced his culpability. Wheatley asserts that he had limited criminal history, with only one narcotics possession charge in addition to the predicate offense; he had finished high school; and he had rehabilitative employment prospects. Wheatley contends the trial court doubly enhanced his sentence by improperly relying on factors inherent in the offense when it declined to depart from the statutory sentencing guidelines for individuals with prior felony firearm convictions.

¶ 16    Wheatley acknowledges that he did not object during sentencing, and thus did not preserve this issue for review. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) (to preserve a claim of sentencing error, a defendant must raise both a contemporaneous objection and a written post-sentencing motion addressing the issue). Nevertheless, he requests we review his appeal under either prong of the plain error doctrine.

¶ 17    In the sentencing context, a reviewing court may address a forfeited claim under the plain error doctrine if a clear and obvious error occurred, and either (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so serious that it deprived the defendant of a fair sentencing hearing. *Id*. at 545. "When a defendant fails to establish plain error, the result is that the 'procedural default must be honored.'" *People v. Naylor*, 229 Ill. 2d 584, 593 (2008) (quoting

*People v. Keene*, 169 Ill. 2d 1, 17 (1995)). The initial consideration is whether a clear and obvious error occurred. *Hillier*, 237 Ill. 2d at 545.

¶ 18    The parties dispute the applicable standard of review. Wheatley contends that we should review this issue *de novo*, because whether the court relied on an improper factor during sentencing is a question of law. See *People v. Chaney*, 379 Ill. App. 3d 524, 527 (2008). The State, citing *People v. Steel*, 2021 IL App (1st) 192518-U, argues the proper standard is abuse of discretion, as courts have broad discretion regarding whether to depart from the sentencing guidelines.[3] In imposing sentence, the court must balance the seriousness of the offense with the objective of restoring the defendant to useful citizenship. Ill. Const. 1970, art. I, § 11. A reviewing court gives substantial deference to the sentencing court because the sentencing court is better positioned to consider the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age. *People v. Snyder*, 2011 IL 111382, ¶ 36. We will not modify a sentence absent an abuse of discretion. *Id.* We review this matter for an abuse of discretion.

¶ 19    Wheatley was convicted of UUWF after previously being convicted of possession of a firearm by a gang member. UUWF generally is a Class 3 felony, but in this case, due to Wheatley having been on parole or mandatory supervised release at the time of the offense, UUWF was a Class 2 felony with a sentencing range of 3 to 14 years' imprisonment. 720 ILCS 5/24-1.1(e) (West 2018). The trial court determined, and the parties agreed, that Wheatley's previous conviction for possession of a firearm by a gang member triggered the statutory sentencing guidelines for

---

[3] See Illinois Supreme Court Rule 23(e)(1) (eff. Jan. 1, 2021) (allowing a nonprecedential order entered under Rule 23(b) after January 1, 2021, to be cited for persuasive purposes).

individuals with prior felony firearm convictions, subjecting Wheatley to a sentencing range of 7 to 14 years' imprisonment. See 730 ILCS 5/5-4.5-110(a)(A), (c)(1) (West 2018).

¶ 20    Under section 5-4.5-110 of the Code, a defendant found guilty of UUWF who has a prior conviction for one of the predicate offenses listed in the section "shall be sentenced to a term of imprisonment within the sentencing range of not less than 7 years and not more than 14 years, unless the court finds that a departure from the sentencing guidelines under this paragraph is warranted under subsection (d) of this Section." 730 ILCS 5/5-4.5-110 (West 2018).

¶ 21    Subsection (d) provides:

> "[T]he court may depart from the sentencing guidelines *** if the court, after considering any factor under paragraph (2) of this subsection (d) relevant to the nature and circumstances of the crime and to the history and character of the defendant, finds on the record substantial and compelling justification that the sentence within the sentencing guidelines would be unduly harsh and that a sentence otherwise authorized by law would be consistent with public safety and does not deprecate the seriousness of the offense.
>
> In deciding whether to depart from the sentencing guidelines under this paragraph, the court shall consider:
>
> (A) the age, immaturity, or limited mental capacity of the defendant at the time of commission of the qualifying predicate or current offense, including whether the defendant was suffering from a mental or physical condition insufficient to constitute a defense but significantly reduced the defendant's culpability;
>
> (B) the nature and circumstances of the qualifying predicate offense;

(C) the time elapsed since the qualifying predicate offense;

(D) the nature and circumstances of the current offense;

(E) the defendant's prior criminal history;

(F) whether the defendant committed the qualifying predicate or current offense under specific and credible duress, coercion, threat, or compulsion;

(G) whether the defendant aided in the apprehension of another felon or testified truthfully on behalf of another prosecution of a felony; and

(H) whether departure is in the interest of the person's rehabilitation, including employment or educational or vocational training, after taking into account any past rehabilitation efforts or dispositions of probation or supervision, and the defendant's cooperation or response to rehabilitation." 730 ILCS 5/5-4.5-110 (d) (West 2018)

¶ 22    Wheatley does not challenge whether his prior conviction for possession of a firearm by a gang member was a felony which triggered the sentencing guidelines for individuals with prior felony firearm convictions. Instead, Wheatley argues the trial court improperly considered his possession of a firearm, his previous conviction for possession of a firearm by a gang member, and his parole status in declining to depart from the statutory sentencing guidelines for individuals with prior felony firearm convictions when those same factors are also implicit in the Class 2 charge of UUWF (720 ILCS 5/24-1.1(a), (e) (West 2018)). See, *e.g.*, *People v. Phelps*, 211 Ill. 2d 1, 11 (2004) ("[A] factor implicit in the offense for which the defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense.").

¶ 23    We agree that elements of an offense are "off-limits as aggravating factors." *People v. Valadovinos*, 2014 IL App (1st) 130076, ¶ 55. The trial court cannot use a factor "both as an

element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed." *People v. Guevara*, 216 Ill. 2d 533, 545 (2005); see also *People v. Dowding*, 388 Ill. App. 3d 936, 942 (2d Dist. 2009) ("[I]t is well established that a factor inherent in the offense should not be considered as a factor in aggravation at sentencing.") The dual use of a single factor is often referred to as a "double enhancement." *People v. Gonzalez*, 151 Ill. 2d 79, 85 (1992). This prohibition reflects the common-sense notion that a given offense's sentencing range already reflects the elements of the offense. See *People v. Conover*, 84 Ill. 2d 400, 405 (1981). If the legislature wanted an element to be usable again in aggravation, "such intent would be more clearly expressed." *Id.*

¶ 24    Our supreme court has ruled that the legislature is authorized "to codify provisions which enhance a criminal offense (e.g., misdemeanor to a felony) or enhance the applicable range of punishment (e.g., extended term sentence or Class X sentencing). This is known as 'single enhancement.'" *People v. Thomas*, 171 Ill. 2d 207, 223 (1996). Double enhancement occurs when a factor already used to enhance an offense or penalty is reused to subject a defendant to a further enhanced offense or penalty. *Id.*

¶ 25    Although Wheatley frames the issue on appeal as whether the court imposed a double enhancement, the issue here is whether the trial court properly applied the factors to determine if it should depart from the sentencing guidelines based on a "substantial and compelling justification that the sentence within the sentencing guidelines would be unduly harsh and that a sentence otherwise authorized by law would be consistent with public safety and does not deprecate the seriousness of the offense." 730 ILCS 5/5-4.5-110(d)(2). Wheatley does not dispute that section 730 ILCS 5/5-4.5-110(d)(2) applies, and Wheatley concedes that the record shows the trial court

identified the appropriate statutory factors in deciding whether to depart from the sentencing guidelines. As required, the trial court addressed Wheatley's age and mental condition, the nature and circumstances of the qualifying predicate offense, the time elapsed since the qualifying offense, the nature and the circumstances of the current offense, and Wheatley's criminal history. See 730 ILCS 5/5-4.5-110(d)(2) (West 2018). Although Wheatley's prior UUWF conviction was used as a predicate offense for the conviction at issue, the trial court could properly consider the UUWF conviction in this instance. See *People v. Brown*, 2018 IL App (1st) 160924. The trial court determined that the statutorily-mandated guidelines applied, and sentenced Wheatley to the minimum sentence of seven years' imprisonment.

¶ 26   Wheatley argues that the court only commented on the existence of the nature and circumstances of the offense but did not address the issue because no evidence was provided. Wheatley further contends that without discussing the nature and circumstances of both offenses, it was improper for the court to rely upon those facts in sentencing. See *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 14 (the trial court's reference to the defendant's threat of harm to others and the fact he was on probation as an aggravating factor, "with no elaboration or description" of either factor, did not amount to mentioning the "nature and circumstances" of the crime of aggravated arson).

¶ 27   Despite Wheatley's contention, the trial court's recital of the factors applicable for determining whether to depart from the sentencing guidelines is not a double enhancement. See *People v. Garcia*, 2018 IL App (4th) 170339, ¶ 37 ("The trial court's exercise of discretion when selecting an appropriate sentence within the statutory framework is not a double enhancement."). After considering the statutorily required factors, the court determined that seven years in prison

was appropriate. See 730 ILCS 5/5-4.5-110(d)(2) (West 2018). A double enhancement is an increased sentence. Here, the applicable statute has nothing to do with enhancement, instead it authorizes the trial court to reduce or diminish a sentence when appropriate. Enhancement is the opposite of what the statute allows. The trial court considered those required factors and did not reduce or increase the sentence, but instead, the trial court sentenced Wheatley to the minimum. We find the trial court did not abuse its discretion when it found no substantial and compelling justification for departing from the statutory sentencing range, and we find no error in the trial court's analysis. Absent error, there can be no plain error, and therefore, defendant's procedural default must be honored. See *Naylor*, 229 Ill. 2d at 593.

¶ 28                                    CONCLUSION

¶ 29    For the foregoing reasons, we affirm the trial court's judgment.

¶ 30    Affirmed.